# Birmingham Belt Railroad Company v. Gerganous.

*Action to recover Damages for Personal Injuries.*

1. *Action for negligence; sufficiency of complaint.*—In an action to recover damages for personal injuries, alleged to have been sustained by reason of the plaintiff's vehicle being run into by one of the defendant's cars, a count of the complaint which avers that the "defendant negligently caused or allowed said train to run upon or against said vehicle or animal, as aforesaid, whereby plaintiff suffered said injuries and damages, as aforesaid," states a substantial cause of action.

2. *Same; same.*—In such a case a count of the complaint states a substantial cause of action which, after averring that the defendant's train at the time of the accident, was being run in violation of a city ordinance then avers, said violation of said ordinance consisted in this, viz., Defendant caused, permitted or suffered said locomotive engine to run within the limits of said city at a greater rate of speed than four miles per hour when running back-wards; defendant caused, permitted or suffered said train to run or move in the night time without having a head-light; defendant caused, permitted or suffered said train to run without causing the usual signals to be given continuously by ringing the bell or otherwise.

3. *Trial and its incidents; charges of court to jury.*—Where the court gives its charges to the jury orally, and the defendant reserves no exception to any part of the charge, and after having so instructed the jury, the court refuses to give a written charge requested by the defendant, but subsequently upon the consent of the plaintiff gives said charge, but refuses the request of the defendant to so modify the oral charge as to

harmonize with the charge so given, such refusal of the court will not work a reversal of the cause.

4. *Action for negligence; what necessary to recover.*—In an action against a railroad company where a count of the complaint is in trespass involving the affirmative participation of the defendant in causing the injury, and there is no evidence that the defendant directly participated in the negligence complained of in the manner as stated, the defendant is entitled to the general affirmative charge in its favor as to said counts.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON. ·

This action was brought by the appellee, James Gerganous, against the Birmingham Belt Railroad Company to recover damages for personal injuries. The complaint contained three counts, which were in words and figures as follows: "First count. The plaintiff claims of the defendant two thousand dollars as damages, for that, heretofore, to-wit, on the 19th day of July, 1901, defendant was operating a certain train upon a railway, which train was composed of a steam locomotive engine and certain cars, and said railway ran along or across a public highway in the city of Birmingham, Jefferson county, Alabama, and was on grade with same, that on said day while plaintiff was in a vehicle to which a team was attached, and was upon said public highway, in said city, said train ran upon or against said vehicle, or one of the animals composing said team, and as a proximate consequence thereof plaintiff was thrown or caused to fall or jump from said vehicle, his back was injured and sprained, his side was cut and bruised, he was injured internally, was shocked and otherwise injured in his person, was made sore and sick, suffered great mental and physical pain, his health and physical staminus were greatly and permanently impaired, he was rendered for a long time, less able to work and earn money, was rendered permanently less able to work and earn money, plaintiff's vehicle was greatly injured or destroyed, plaintiff's said team was greatly injured and their value lessened, and plaintiff's harness was greatly injured or destroyed, and plaintiff was put to great trouble, inconvenience and expense for medicine, medical attention,

care and nursing, in or about his efforts to heal and cure said wounds and injuries.

Plaintiff alleges that defendant negligently caused or allowed said train to run up or against said vehicle or animal, as aforesaid, whereby plaintiff suffered said injuries and damages as aforesaid.

"Second count. Plaintiff refers to and adopts all the words and figures of the first count from the beginning thereof, to and including the words "heal and cure his said wounds and injuries," where they first occur together in said count.

Plaintiff further avers that defendant wantonly and intentionally caused or allowed said train to run upon or against said vehicle or animal, as aforesaid, and inflict upon plaintiff the injuries and damage aforesaid.

"Third count. Plaintiff refers to and adopts all the words and figures of the first count from the beginning thereof, to and including the words "heal and cure the said wounds and injuries," where they first occur together in said count.

Plaintiff further avers that said train run upon or against said vehicle or animal, as aforesaid, and plaintiff suffered said injuries and damage as a proximate consequence of the violation by defendant of Section 466 of the city code of Birmingham, which is as follows: Sec. 466. Speed—Headlight—Signals.—Any person who causes, permits or suffers any locomotive engine to run within the city limits at a greater rate of speed than eight miles per hour when running forward, or four miles per hour when running backwards, or who causes, permits or suffers any locomotive engine or train to run or move in the night time without a headlight, or who shall cause, permit or suffer any locomotive or train to run at any time without causing the usual signals to be given continuously, by ringing the bell or otherwise, must, upon conviction, be fined not less than one nor more than one hundred dollars." 'Said violation of said ordinance consisted in this, viz: Defendant caused, permitted or suffered said locomotive engine to run within the limits of said city at a greater rate of speed than four miles per hour, when running backwards; defendant caused, per-

[Birmingham Belt Railroad Company v. Gerganous.]

mitted or suffered said train to run or move in the night time without having a headlight; defendant caused, permitted or suffered said train to run without causing the usual signals to be given continuously by ringing the bell or otherwise." All to plaintiff's damage ten thousand dollars, wherefore he sues."

To the 1st and 3d counts of the complaint the defendant demurred upon the following ground: "1. It is not shown by said count what duty defendant owed the plaintiff. 2. It is not shown by said count that the defendant neglected any duty to the plaintiff which caused or contributed to cause the injury complained of. 3. The facts alleged in said count do not show any negligence for which the defendant is liable or chargeable. 4. It is not alleged or shown in said count that the plaintiff was on or near said railway for any lawful or necessary purpose. 6. It is not alleged or shown by said count that the defendant inflicted the injuries complained of wilfully or wantonly. 7. No sufficient facts are stated in said count to show that the plaintiff was injured by reason of the wanton or wilful negligence of the defendant, its agents or servants. 8. The facts are not so stated in said count that the defendant can take issue thereon.

And the defendant demurs to the third count of the complaint and assigns each of the grounds heretofore assigned to the first count, and the following additional grounds: 9. It is not alleged or shown how or in what manner the injury to the plaintiff was caused by or resulted from the rapid rate of speed at which said locomotive was run; the absence of a headlight; the failure to ring the bell or give other signals. 10. It is not alleged or shown that the defendant, its agents or servants, knew or had reason to believe that the failure to ring the bell or blow the whistle or give other signals, the absence of a headlight or running the train backwards at a greater rate than four miles an hour would inevitably or probably result in injury to the plaintiff or any one else." These demurrers were overruled.

Under the opinion on the present appeal it is unnecessary to set out the facts in detail.

16c

The defense requested, among other charges, the general affirmative charge in its favor as to the second count of the complaint, and duly and separately excepted to the court's refusal to give said charge as asked.

The seventh assignment of error is in the following language: "The said city court erred in refusing to grant defendant's request that the oral charge delivered to the jury by the court be modified so as to conform to the certain written charge which plaintiff's counsel had consented should be given and read to the jury." In order to understand the question which is sought to be raised by this assignment of error it will be necessary to state what took place on the trial, as shown by the bill of exceptions. The following facts are disclosed by the bill of exceptions:

The court charged the jury orally in respect to the burden of proof as follows: "The law says that when a person is injured in a collision at a crossing in a city by a train of cars that the burden of proof is on the railroad company to acquit itself of negligence. Now, gentlemen of the jury, when an accident happens at a crossing in a city—collision at a crossing in a city—the law presumes that the defendant was guilty of negligence, and the burden is on the defendant to show that it was not negligent. If it shows that it was not, then of course, it is not liable for the injury. It is a pure accident. Railroad companies have a right to go across streets just as much as pedestrians or persons in vehicles have a right to go across the street, and because a person is injured at a crossing, it is not necessarily the case that the railroad company is liable for it. If the railroad company does everything it is required to do, and exercised all reasonable care it could do, and nevertheless the injury happens without anybody's fault, the law says the railroad company is not liable in damages to the person injured. So, gentlemen of the jury, the burden of proof is on the railroad company to show that it did everything that it ought to have done in running its train over 19th street, and if it shows that it was not guilty of simple negligence, the plaintiff would have no right to recover."

The defendant requested the court in writing to give to the jury the following charge: "I charge you that the burden of proof is upon the plaintiff to reasonably satisfy you by the evidence that the defendant was guilty of negligence, as charged in some count of the complaint, and if from all the evidence you are not reasonably satisfied of the truth of the averments of negligence as alleged in the complaint, then you must find a verdict for the defendant without regard to the question of contributory negligence."

The plaintiff's counsel consented that the written charge just above set out was the law of the case, and consented that it should be given to the jury. When the plaintiff's counsel assented that the written charge just above set out should be given to the jury, the defendant's counsel then requested the court to modify or change the oral charge in respect to the burden of proof so as to make the oral charge conform to the proposition of law asserted in the written charge which plaintiff's counsel had consented was the law of the case. The court refused to grant that request and the defendant thereupon excepted.

There were verdict and judgment for the plaintiff, assessing his damages at $2,000.00.

The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.—Section 3328 of the Code confers the right upon either party to move for charges in writing. This is one of the methods which the law-makers have seen fit to adopt for the purpose of raising questions of law, and in construing that section of the Code the court held that written charges are to be taken in connection with the oral charge, that the charges which are given must be read to the jury, and that it is error to disallow the jury to take written charges with them upon their retirement. *Home Protect. of N. A. v. Whidden,* 103 Ala. 203; *Martin v. Scott,* 104 Ala. 71; *A. C. S. R. R. v. Arnold.* 80 Ala. 600; *Miller v. Hampden,* 37 Ala. 342.

The second count was in trespass, and there was no evidence proving the averments of the complaint. For this reason the defendant was entitled to the general affirmative charge, as requested.—*City Delivery Co. v. Henry,* 34 Sou. Rep. 389; *Southern Ry. Co. v. Yancey,* 37 Sou. Rep. (MS.); *Birmingham Sou. R. R. Co. v. Gunn,* 37 Sou. Rep. (MS.); *Central of Ga. R. R. Co. v. Freeman,* 37 Sou. Rep. (MS.).

BOWMAN, HARSH & BEDDOW, *contra.*—Cited. *L. & N. R. R. Co. v. Woods,* 105 Ala. 568; *Central of Ga. Ry. Co. v. Foshce,* 125 Ala. 226; *Postal Cable Tel. Co. v. Jones,* 133 Ala. 225; *Central of Ga. Ry. Co. v. Freeman,* 134 Ala. 354; *Rhode Fur. Co. v. Wheeden,* 108 Ala. 252; *Tobias & Co. v. Triest & Co.,* 103 Ala. 664; *State v. Habb,* 29 Sou. Rep. 725; *Nablin v. State,* 100 Ala. 13; *L. & N. R. R. Co. v. Bissell,* 30 Sou. Rep. 778.

ANDERSON, J.—The first assignment of error in this case is based upon the ruling of the trial court, in overruling the demurrers to counts 1 and 3 of the complaint. The demurrers were without merit and were properly overruled.

When the court charges the jury orally and the defendant reserves no exception to any part of the charge, he cannot subsequently complain of same. Nor has it the right to complain that the court gave one of its written charges, even if previously refused and then gave it by the consent of the plaintiff, simply because it did not thoroughly harmonize with the oral charge, and the refusal of the court to modify the oral charge will not work a reversal. If the trial court erred in the oral charge, the defendant could have protected itself by excepting thereto, and failing to do so cannot now claim that it was hurtful. The written charge having been given at the request of the defendant, it cannot complain because the trial court granted the request, and as the oral charge was not excepted to, its correctness is assumed and the refusal of the court to modify same, was not error.

[Hooton v. Mellon *et al.*]

The second or wanton count of the complaint, is in trespass, not case, and involves the affirmative participation of the defendant in causing the injury. There was no evidence that this defendant ran or directed the running of the train in the manner complained of, and as the defendant requested the affirmative charge as to this count, it should have been given.—*City Delivery Co. v. Henry,* 139 Ala. 161; *Central of Ga. Ry. Co. v. Freeman,* (Ala.) 37 So. Rep. 387.

. The ruling of the trial court upon the evidence was free from reversible error.

Reversed and remanded.

McCLELLAN, C.J., TYSON and SIMPSON, J.J., concurring.