180 So. 600

## REAVES v. HOFFMAN.

### 1 Div. 286.

Court of Appeals of Alabama.

March 8, 1938.

Rehearing Denied April 12, 1938.

Inge & Stallworth and Richard H. Inge, all of Mobile, for appellant.

Moody & Price, of Mobile, for appellee.

SAMFORD, Judge.

The plaintiff suing by her next friend claims damages for personal injuries caused by a collision of the bicycle upon which she was riding and the automobile of the defendant, driven by him.

The accident occurred on the Cedar Point road, a public highway, in the county of Mobile, and outside of any city limits. This highway, at the point where the accident occurred, was running north and south, and for more than a mile was straight and with an unobstructed view. The pavement on this highway was 25 feet wide, and near the point of the accident there was another road intersecting it, at which point there was a garage and a store. The defendant was running north, driving his car at a rate of speed of some 30 or 35 miles per hour. The automobile was equipped with four-wheel brakes in perfect condition.

The plaintiff, a child between the ages of 13 and 14, was riding south on a bicycle, too large for her size, and near the middle of the pavement. The defendant observed that the bicycle was wabbling, at which time he blew his horn and turned off of the pavement entirely, and when he had proceeded off of the pavement some 30 feet, the plaintiff turned abruptly across the pavement, striking defendant's automobile on the front fender, from which impact she was thrown to the pavement and seriously injured. Defendant stopped his car within a few feet, took the plaintiff in his car and carried her to a hospital, where she was given aid and treatment until she recovered.

There was a plea of the general issue, and also a plea of contributory negligence, and upon these issues the cause was tried.

The plea of contributory negligence for a child under 14 years of age must meet the requirements of the law, which presumes that such child has not reached a maturity and discretion beyond its years, which would lead it to take such care as a child who has arrived at the age of 14 years. Prima facie judgment and discretion are not presumed until a child has reached such age as would change the presumption and cast the burden of proof upon the plaintiff rather than the defendant. Birmingham & A. R. Co. v. Mattison, 166 Ala. 602, 52 So. 49.

The evidence in this case tended to prove that the plaintiff was a child of ordinary intelligence, and was not matured, in judgment, beyond her years, and, in addition to this testimony, the plaintiff was examined as a witness and, therefore, the jury had an advantage of observing her, her manner, and her general demeanor on the stand. Notwithstanding the fact that the evidence in this case disclosed acts on the part of the plaintiff contributing to the injury, the question as to whether or not plaintiff was chargeable with contributory negligence, on account of her age, was properly left to the jury.

The testimony in this case, undisputedly, acquitted the defendant of all initial negligence in the driving of his automobile.

He was on a paved highway, outside of any city limits, his car was properly equipped with standard brakes, and the speed at which he was running the car cannot be said to be such speed as would constitute negligence.

The remaining question is as to subsequent negligence on the part of the defendant. That is, after seeing and realizing the peril of the plaintiff, was his act in driving the automobile such negligence as would fix a liability upon him in this case. We recognize, as stated by Mr. Justice Thomas in the case of White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479, 480, "When a given state of facts is such that reasonable men may differ as to whether or not negligence intervened, as whether or not ordinary care and reasonable prudence characterized the actions and conduct of an actor, the determination of such question becomes a matter for the jury." But, it is also recognized as a rule, in the same case, that the question of negligence is one of law for the court, when the facts are such as all reasonable men must derive the same conclusion from them. Gardner v. Michigan Central R. Co., 150 U.S. 349, 14 S.Ct. 140, 37 L.Ed. 1107; Texas & P. Railway Co. v. Cox, 145 U.S. 593, 12 S.Ct. 905, 36 L.Ed. 829; White Swan Laundry Co. v. Wehrhan, supra.

In the instant case, after the defendant had observed the uncertainty of the operation of plaintiff's bicycle, he did the obvious thing that a prudent man would do, he applied his brakes, and ran his car entirely off of the pavement, thereby giving to the plaintiff the entire roadway, and she, evidently losing control of her bicycle, dashed across the pavement, and off of it, striking the defendant's automobile, thereby causing injury to herself without any contributing cause on the part of the defendant, other than the fact that his automobile happened to be at the place she was.

Whether or not the facts in this case presented even a scintilla of evidence tending to a culpability of the defendant on the issue of subsequent negligence, we are clear to the conclusion that the facts and circumstances are so overwhelmingly against the verdict that it would be wrong and unjust to allow it to stand. And, we are persuaded that sympathy for a child and serious injury resulting from the accident, together with circumstances not here necessary to relate, must have influenced the jury in returning its verdict.

The motion to set aside the verdict, and the motion for a new trial should have been granted. And for the error of the trial court in denying said motion, the judgment is reversed and the cause is remanded.

Reversed and remanded.