DONALD EUGENE CHAPMAN, an infant by his next friend, Warren H. Chapman, and WARREN H. CHAPMAN, Plaintiffs, v. EMMA IRENE TRUMP.

(*December* 30, 1954.)

RICHARDS, P. J., sitting.

*William Prickett* for the defendant, in support of the motion.

*George T. Coulson* (of Morris, Steel, Nichols and Arsht) for the plaintiff, in opposition to the motion.

Superior Court for New Castle County, No. 910, Civil Action, 1953.

RICHARDS, P. J.:

This action was brought to recover for personal injuries alleged to have been sustained by the plaintiff when he was struck by the defendant's automobile while crossing a certain highway in New Castle County known as Faulk road.

It is alleged in paragraph 3(c) of the complaint that the defendant failed to exercise due care and caution in violation of Title 21, Section 4181(a) of the *Code of* 1953, in that she did not give warning to the plaintiff by sounding her horn, or exercise the proper precaution by applying her brakes or directing her motor vehicle in a manner to avoid colliding with the plaintiff, although she saw or should have seen the plaintiff upon the highway before striking him.

Also in paragraph 3(d) that defendant failed to give audible warning in violation of Title 21, Section 4133(b) of the *Code of* 1953.

Title 21, Section 4133(b) of the *Code of* 1953 is in the following language:

"The driver of an overtaking motor vehicle not within a business or residence district shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction."

It appears that the plaintiff was crossing Faulk road slightly ahead of a rural mail truck which had stopped to deposit mail in a box located at the edge of said road; that the defendant was proceeding along Faulk road in her motor vehicle overtaking the mail truck which had paused to deposit mail in the mail box located at the edge of said road and failed to give audible warning with her horn or other warning device before passing or attempting to pass said mail truck.

The defendant contends that there is no causal connection between the violation of Title 21, Section 4133 (b) and the injury which occurred to the plaintiff. She admits that one who violates the provisions of a statute enacted for the safety of others is guilty of negligence *per se;* but contends that statutes of this character are for the purpose of preventing injuries of a specific type to persons or damage to property of a particular class and that to be actionable, the violation of such a statute must result in the type of accident it was intended to prevent, and injury to a person or damage to property of the class intended to be protected.

It is claimed that Title 21, Section 4133 (b) of the *Code of 1953*, is simply for the protection and benefit of the occupants of a motor vehicle, which is being overtaken by another motor vehicle, which is proceeding in the same direction and in the act of passing or attempting to pass the motor vehicle being overtaken. *Lindsay v. Cecchi*, 3 *Boyce* 133, 80 *A.* 523, 35 *L. R. A., N. S.*, 699 and *Brown v. Schendelman*, 4 *W. W. Harr.* 50, 143 *A.* 42, are cited in support of this position. In the *Lindsay* case the plaintiff brought suit to recover damages for personal injuries received by being knocked down by an automobile operated by the defendant Lindsay. It appeared at the trial that the defendant was operating the automobile at the time in question without a license. On appeal the Supreme Court held that there must be a causal relation between the failure to obtain an operator's license and the injury to the plaintiff. In the *Brown* case the plaintiff sought to recover for the death of his intestate, an infant, who was burned in a fire started in an open lot in Wil-

mington by defendant's servant. The fifth count of the plaintiff's declaration was based on an ordinance of the City of Wilmington, which makes it an offense for any person to start a fire in the open air, in any street, lane or alley of the City, or in any lot or place in the City, within fifty yards of any street, lane or alley, or so as to endanger any property. This count was demurred to on the ground that there was no causal connection between the act of negligence alleged and the injury received. It was contended that the ordinance was intended solely for the protection of property; also if it was intended to protect persons, it was persons on streets, lanes or alleys and not those who might be anywhere on a vacant lot in the city. The Court held that the purpose of the ordinance was not solely for the protection of property; also that it was designed to protect persons who used the streets, lanes and alleys of the city which may be assumed to be safe for travel. There was no causal connection between the violation of the ordinance and injury complained of, as it did not appear that injured party was, at the time of the injury, on or near any street, lane or alley.

The facts of these cases are so unlike the facts of the case now before the Court, and the statute and ordinance involved are of such a different character from the statute being considered, I am unable to find that they support the plaintiff's contention.

In the absence of a clear intent to that effect, which certainly does not appear from reading that statute, I cannot say that Title 21, Section 4133(b) of the *Code of* 1953, applies only to a motor vehicle, or the occupants thereof, which is being overtaken by a motor vehicle proceeding in the same direction. I take this view notwithstanding Sections 4177, 4178, 4179 and 4180 of Title 21, which apply expressly to pedestrians crossing the highway.

The continual increase of the use of motor vehicles upon the highways has made it necessary for the Legislature to pass many statutes regulating their use.

Statutes of this nature, enacted for the purpose of regulating traffic, are safety measures. They are intended to protect the public generally and the public has a direct interest in them. *Ierardi v. Farmers' Trust Company*, 4 *W. W. Harr.* 246, 151 *A.* 822; *Eberhart v. Abshire*, 7 *Cir.*, 158 *F.* 2d 24; *Murphy v. Way*, 107 *Conn.* 633, 141 *A.* 858; *Kolankiewiz v. Burke*, 91 *N. J. L.* 567, 103 *A.* 249.

The defendant also contends that the statute in question has no application to this case, because the automobile which she was overtaking and passed was stopped and was, therefore, not "proceeding in the same direction", as the language of the statute requires.

I agree with the defendant's contention that the word "proceed", generally speaking means to move, pass or go forward; but cannot agree that the Legislature intended to place such a restricted meaning upon it when used as it is used in Title 21, Section 4133(b) of the 1953 *Code*. Automobiles driven by rural mail carriers, such as the one in this case, often stop momentarily, making it difficult for an automobile overtaking them to tell when they are moving. To hold that they were not included in the provisions of the statute would not only destroy its effect, but would make them a menace to the public.

Defendant's motion to strike paragraph 3(d) of the complaint is denied.