191 So.2d 372

**Betty H. BENTLEY**

v.

**Gary Charles LAWSON, Pro Ami.**

**Betty H. BENTLEY**

v.

**Charles E. LAWSON.**

**6 Div. 147, 147–A.**

Supreme Court of Alabama.

Oct. 27, 1966.

Porterfield & Scholl, Birmingham, for appellant.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellees.

COLEMAN, Justice.

A three-year-old boy was struck by defendant's automobile in a street near an intersection. He sues for his injury and his father sues for medical expenses and loss of services. From judgment for plaintiff in each case, defendant appeals.

The cases were consolidated on trial and on appeal. The issues are the same in both cases except as to Assignment 25. In connection with this appeal, see: Lawson v. Swift, 6 Div. 191, and Lawson v. Swift, 6 Div. 191–A, post p. 227, 191 So.2d 379, delivered this day.

About half an hour past noon, defendant was driving her car on a street in a residential area. The street was twenty or twenty-two feet wide and contained two traffic lanes. It was a two-way street; traffic moved in both directions. Defendant was moving from north to south. Another automobile was going south ahead of defendant. Just before she reached the intersection, defendant passed the other car. Defendant's car struck the child south of the intersection. One witness testified that he last saw the child, before he was hit, 12 or 15 feet south of the south curbline of the intersection, and, after the child was hit, the distance was 50 or 60 feet. Sixty-five feet of skid marks were behind defendant's car when it stopped after the collision. Twenty feet of these skid marks were in the intersection and forty-five feet south of it. The witness said that, in his best judgment, defendant's car was on the left side of the road in the intersection. There were no lines marking the pedestrian crosswalks at the intersection.

About ten or fifteen minutes prior to the injury, the child's mother had gone out into the back yard with the child and his twelve-year-old brother. She told the brother to play with the child in the back yard. They lived, not on the street where the injury occurred, but on the intersecting street, in the third house from the corner.

The principal question presented for decision is whether certain statutes were enacted for the benefit of pedestrians. We dispose first of certain assignments of error which are without merit.

In Assignment 1, defendant asserts that the court erred in reading to the jury from § 58(5), Title 36, 1958 Recompilation Code

1940; Act No. 516, Section 5, 1949 Acts, page 741.

In oral charge, the court said:

"And, gentlemen, reading to you from the rules of the road, Section 58(5): 'In crossing an intersection of highways or any intersection of a highway with a railroad right of way, the driver of the vehicle shall at all times cause such vehicle to travel on the right half of the highway unless such right half is obstructed or impassable.' * * *."

Defendant undertook to except in the following language:

"I except to that portion of the Court's oral charge wherein the Court charged the jury in substance that Section *8(5)* of Title 36, Code of Alabama, could be applicable in the case on the grounds that the plaintiffs in the case are not of a class which this statute was designed to protect. * * *" (Emphasis Supplied.)

■ An exception designating only the subject treated by the court in an oral charge, or merely designating the beginning part of the oral charge excepted to is insufficient. Knowles v. Blue, 209 Ala. 27, 33, 95 So. 481.

■ Nothing can be left at large in reserving an exception to the court's oral charge. The exception must be definite to the last degree. General Electric Company v. Town of Fort Deposit, 174 Ala. 179, 188, 56 So. 802.

■ To invite a review of claimed error in an oral charge, an exception should be taken pointing out the particular part of the charge complained of. Matthews v. Maynard, 274 Ala. 330, 332, 148 So.2d 629.

■ The instant exception does not correctly designate the statute which the court read to the jury. We have not found where the court referred to "Section 8(5)" in the oral charge, and we have not found where defendant, in excepting, made any reference to "Section 58(5)." For this reason alone, we hold that Assignment 1 is without merit.

■ Also, the specific language of the charge, made the basis of the exception, is not stated. The exception designated only the subject treated by the court in its oral charge. The appellant can take nothing by its assignment of error based on such an exception. J. R. Watkins Company v. Goggans, 242 Ala. 222, 224, 5 So.2d 472; Sullivan v. Miller, 224 Ala. 395, 398, 140 So. 606.

■ In Assignment 2, appellant says the court "erred in giving that portion of its oral charge * * * in which it read from Title 36, Section 12(b)." The court did read from "Section 12–b," and defendant did except" * * * to that portion of the Court's oral charge where the Court referred to Section 12–b of Title 36, Code of Alabama, with reference to giving an audible horn signal * * *." Here again, however, defendant excepted to a "portion" of the charge. We think that defendant's exception was not sufficiently definite and that Assignment 2 is without merit. Authorities, supra.

In Assignment 21, defendant says the court erred in overruling the ground of the motion for new trial wherein defendant asserts that the court erred in reading to the jury § 12(b) of Title 36, 1958 Recompiled Code.

■ We have already said that we do not think that any sufficient exception was reserved to the oral charge. It has long been the rule that when defendant reserves no exception to the oral charge, she cannot subsequently complain of the same. Birmingham Belt Railroad Co. v. Gerganous, 142 Ala. 238, 244, 37 So. 929; Accident Indemnity Ins. Co. v. Feely, 279 Ala. 74, 181 So.2d 889, 891. Exceptions to the charge of the court to the jury must be taken before the jury leaves the bar. Sovereign Camp, W. O. W. v. Gay, 217 Ala. 543, 546, 117 So. 78. Error in oral charge cannot be raised for the first time in motion

for new trial. Assignment 21 presents nothing for review.

Assignments 20, 22, 27, 28, 29, and 30 are without merit for the same reason that Assignment 21 is without merit.

■ In Assignments 23 and 31, defendant asserts that the court erred in overruling defendant's motion for new trial on the ground wherein defendant says that the court erred "in failing to instruct the jury" that before the violation of a statute can be actionable, the person complaining must be one of the class the statute was designed to protect. These assignments do not point out that defendant requested such a charge in writing. In fact, the assignments do not point out that defendant requested any instruction at all. A trial court cannot be reversed for refusal to give a charge asked unless it appears that the charge was asked in writing as the statute (§ 273, Title 7) requires. Henderson v. State, 137 Ala. 83, 84, 34 So. 828. A reversal should not be allowed where the complaining party has made no request at all. Bush v. Stanton, 273 Ala. 615, 618, 143 So.2d 621. Assignments 23 and 31 are without merit.

In Assignment 25, defendant asserts that the court erred in refusing defendant's requested written charge which recites:

"Case No. 1463

"17. I charge you that the plaintiff is under a duty to exercise reasonable care in and about the conduct and supervision of his minor child, and if you are reasonably satisfied from the evidence in this case that the plaintiff, Charles E. Lawson, did negligently permit or allow said child to be in a public street and that said negligence proximately contributed to cause the injury and damages complained of, then your judgment should be in favor of the defendant."

Defendant says in brief that "This assignment of error is directed to Case No. 1463, the father's loss of services suit." The language of the charge, however, does not limit the application of the charge to the father's lawsuit. The charge says to the jury that if Charles E. Lawson, the father, was guilty of contributory negligence as defined in the charge, "then your judgment (sic) should be in favor of the defendant." The negligence of the father in permitting the child to be in the street would not bar recovery by the child in his action based on defendant's negligence. Government Street R. R. Co. v. Hanlon, 53 Ala. 70, 82; Jones v. Strickland, 201 Ala. 138, 141, 77 So. 562. Charge 17, however, recites to the contrary and is not a correct statement of the law in the child's case. The cases were tried together and, by its terms, Charge 17 applies to both cases.

■ Charges moved for by either party must be given or refused in the terms in which they are written. § 273, Title 7, Code 1940. Charge 17 was refused without error because it is an incorrect statement of the law in the child's case.

We note that Charge 17 bears the notation, "Case No. 1463," which is the number assigned to the father's case in the circuit court. The mere placing of this case number on the charge is not sufficient to instruct the jury that the charge applies only to the father's case.

In Assignment 18, defendant complains that the court erred in refusing defendant's Charge 20 which recites:

"20. I charge you that if you believe the evidence in this case, the plaintiff Gary Charles Lawson was not within the class of persons designed to be protected by Title 36, Section 58.5 of the 1958 Recompiled Code of Alabama, which provides as follows:

"'Section 58.5. Keep to the right in crossing intersections or railroads. In crossing an intersection of highways or in the intersection of a highway by a railroad right of way, the driver of a vehicle shall at all times cause such vehicle to travel on the right half of the highway unless such right half is obstructed or impassable.'"

Defendant argues that § 58(5) was not enacted for the benefit of pedestrians, that the infant plaintiff was a pedestrian, and, therefore, that a violation of § 58(5) by defendant was not actionable negligence per se as to the plaintiffs in the cases at bar, because, although it may be negligence to violate a statute or ordinance, it is not actionable unless the violation causes injury to one for whose benefit the statute was enacted. McCloud v. Williams, 257 Ala. 611, 613, 60 So.2d 339; Watts v. Montgomery Traction Co., 175 Ala. 102, 106, 57 So. 471; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110. We do not agree because we think § 58(5) was enacted for the benefit of pedestrians as well as motorists.

The Court of Appeals of Kentucky considered a case where the plaintiff, a six-year-old boy, was struck by an automobile, probably thirty feet from a street intersection. The case did not involve a statute which requires vehicle operators to drive to the right at intersections, but the court did consider whether motorists owed to pedestrians a duty to drive on the right side of the street. The court said:

"Defendants vigorously insist that it was erroneous * * * to instruct that Mrs. Lehman (a defendant) owed plaintiff the duty of driving her car on the right side of the street without further instructing that if the child suddenly appeared in the street * * * and she was confronted with an emergency, then she was justified in driving to the left * * * in an attempt to avoid striking him. Ordinarily, drivers owe pedestrians the duty to drive on their right side of the street, as a pedestrian who is about to cross a street expects traffic * * from his left to be on the driver's right side of the street and that approaching from the pedestrian's right to be on the opposite side of the street.

"The particular part of the instruction saying it was Mrs. Lehman's duty to drive on her right side of the street was for the benefit of the plaintiff and was correct as far as it went. * * *" (Par. Added.) The court said further that defendants should have requested instructions as to the right of Mrs. Lehman to drive on the left side to avoid striking the child. Lehman v. Patterson, 298 Ky. 360, 364, 182 S.W.2d 897.

We note that § 58(5) is not a statute which forbids a vehicle driver from passing another vehicle traveling in the same direction at a street intersection. § 58(5) requires driving on the right half of the "highway" in crossing an intersection without regard to passing another vehicle. § 58(5) appears to apply whether another vehicle is present or not. We think, however, that it is appropriate here to quote what was said by a Delaware court with respect to a statute which prohibited the driver of a vehicle from passing another vehicle proceeding in the same direction at any railway grade crossing or at any intersection of highways unless permitted to do so by a traffic officer. The court said:

"Now, it is altogether clear that the statute, insofar as it prohibits the passing of motor vehicles going in the same direction at railroad crossings, is designed to prevent accidents between motor vehicles and railroad trains. Why? Because no one expects anything to be traveling upon railroad tracks except trains.

"But insofar as this section relates to the passing of automobiles at intersections, it is far from clear, despite defendant's argument to the contrary, that it was designed only to prevent vehicular accidents. Why? For the reason that, in addition to motor vehicles, one may expect to find crossing at such intersections, pedestrians, persons on bicycles, etc." Wealth v. Renai, 10 Terry 289, Del., 114 A.2d 809, 811.

In this state, at an intersection of streets carrying two-way traffic, pedestrians are commonly found. A pedestrian crossing such a street expects vehicular traffic mov-

ing from his left to his right to travel on the driver's right half of the street and that traffic moving in the opposite direction will travel on the other half of the street. Any person who habitually crosses streets on foot forms the habit of expecting such movement of traffic. We think that the draftsman of § 58(5) had the pedestrian in mind as well as vehicles, and that § 58(5) was enacted in part for the benefit of pedestrians.

It follows that we are of opinion that defendant's requested Charge 20 is not a correct statement of the law and, therefore, was refused without error.

■ Defendant says § 58(5) does not apply to this case for another reason, that is, because "under all the evidence the accident did not occur at an intersection." We think it is true that the child was not strictly within the boundaries of both streets when struck by defendant's car, but there is evidence that defendant's car was on her left side of the road in the intersection and that the skid marks began within the intersection, and the jury could find that defendant's acts, within the strict confines of the extended boundaries of both the intersecting streets, violated § 58(5) and were the proximate cause of the child's injury. We hold this argument to be without merit.

In Assignment 19, defendant asserts that the court erred in refusing her requested charge 21 which recites:

"21. I charge you that if you believe the evidence in this case, the plaintiff Gary Charles Lawson was not within the class of persons designed to be protected by Title 36, Section 12.b of the 1958 Recompiled Code of Alabama, which provides as follows:

" 'Section 12.b. The driver of an overtaking motor vehicle not within a business district as herein defined shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction * * *' "

Defendant argues that § 12(b) does not apply to pedestrians because § 58(17) provides that the driver of a vehicle shall warn pedestrians on a highway "by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway." Defendant says § 12(b) places a higher duty on a vehicle operator than § 58(17) because § 12(b) requires the operator to sound a horn when passing, whether necessary or not, while § 58(17) requires sounding the horn only when it is necessary. The argument is made principally to answer anticipated argument that it was error without injury to instruct the jury that § 12(b) applied to the instant case.

■ Defendant says also that § 12(b) was not intended for the benefit of pedestrians because it is grouped in the Code with other rules of the road which apply to motorists and not with §§ 58(14) through 58(19) which exclusively deal with and are designed for the benefit of pedestrians. This last argument is fully answered in Wealth v. Renai, supra, where the court points out that to follow the grouping argument would lead to the conclusion that those statutes which prohibit driving under the influence of intoxicating liquor or narcotics (§ 2, Title 36), or reckless driving (§ 3), or which require driving at a reasonable speed (§ 5), were not intended for the benefit of pedestrians.

In Chapman v. Trump, 10 Terry 110, Del., 110 A.2d 308, the court considered a statute, substantially the same as our § 12(b). The Delaware statute recites:

"Title 21, Section 4133(b) of the Code of 1953 is in the following language:

" 'The driver of an overtaking motor vehicle not within a business or residence district shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction.' " (110 A.2d at page 308)

In *Chapman,* defendant argued that the Delaware statute was "simply for the protection and benefit of the occupants of a motor vehicle, which is being overtaken by another motor vehicle, which is proceeding in the same direction and in the act of passing or attempting to pass the motor vehicle being overtaken. * * *"

The court answered the argument as follows:

"In the absence of a clear intent to that effect, which certainly does not appear from reading the statute, I cannot say that Title 21, Section 4133(b) of the Code of 1953, applies only to a motor vehicle, or the occupants thereof, which is being overtaken by a motor vehicle proceeding in the same direction. I take this view notwithstanding Sections 4177, 4178, 4179 and 4180 of Title 21, which apply expressly to pedestrians crossing the highway.

"The continual increase of the use of motor vehicles upon the highways has made it necessary for the Legislature to pass many statutes regulating their use.

"Statutes of this nature, enacted for the purpose of regulating traffic, are safety measures. They are intended to protect the public generally and the public has a direct interest in them. (Citations Omitted.)" (110 A.2d at pages 309 and 310)

We are not persuaded that our § 12(b) is exclusively for vehicle operators and not for pedestrians. Plaintiffs say the audible warning may be required, not only to protect the operator of the overtaken vehicle, but also to warn pedestrians of the attempt to pass because, for a period of time, pulling out of line to the left and passing is going to obstruct the vision of the driver of the overtaking vehicle and his horn signal will warn the pedestrian, who might be attempting to cross, and cause him to be on lookout for and to get out of the path of the passing vehicle whose driver may be unable to see the pedestrian during a few important intervals of time. We agree with the Delaware Court and hold that § 12(b) is for the benefit of pedestrians as well as persons riding in vehicles. Charge 21 recites to the contrary, is an incorrect statement of the law, and, for that reason, was refused without error.

We are of opinion that error has not been shown and that the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.