The instant appeal is from a trial court grant of summary judgment for two of four defendants in a personal injury suit. The trial judge, pursuant to Alabama Rule of Civil Procedure 54 (b), entered final judgment for the prevailing defendants and specifically found no just reason for delay of plaintiff's appeal. We affirm.
From the record, the facts appear uncontroverted. The appellee, Lawrence F. Bartholf, was driving a tandem truck belonging to his employer, appellee Federal Coca Cola, Inc. He was proceeding east on U.S. Highway 80 approaching the intersection of Alabama Highway 37. The posted speed limit for that section of road was forty-five miles per hour, but Bartholf's truck was traveling from thirty-five to forty miles per hour.
The intersection is marked by a blinking yellow light for those traveling on U.S. 80. However, the intersection itself is obscured from eastward travelers because it is located just over a short rise. Traffic in the *Page 295 
intersection is not in view to those traveling east until a very short distance from the crossroads.
The appellant, Betty D. Fox, was a passenger in a vehicle traveling west on Highway 80. As the vehicle in which appellant was passenger approached the intersection of Highways 80 and 37, a pickup truck with trailer in tow was stopped or moving slowly in the west bound lane of U.S. 80.
Appellee Bartholf topped the rise and became aware of a possible collision between the vehicle in which appellant was riding and the pickup truck and trailer. Bartholf turned to his right and had partially removed his truck from the highway, when the automobile in which appellant was passenger struck the trailer and then struck appellee Coca Cola's truck. Appellant sustained personal injury in the accident and demands judgment in the sum of one hundred thousand dollars and costs.
Counsel for appellant cites Code 1975, § 32-5-91, a rule of the road, contending that appellee Bartholf was negligent per se when he entered the intersection at a speed exceeding fifteen miles per hour. The pertinent subsections of the statute are as follows:
 [I]t shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful. . . .
. . . . .
 (3) Fifteen miles an hour when approaching within 50 feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last 50 feet of his approach to such intersection, he does not have a clear and uninterrupted view to such approach to such intersection and of the traffic upon all the highways entering such intersection for a distance of 200 feet from such intersection
. . . . .
 It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations. . . .
Code 1975, § 32-5-91 (b).
Compliance with the statute is prima facie lawful, and our cases hold that speeds exceeding statutory limits may or may not be lawful depending on existing conditions. Horton v.Mobile Cab Baggage Co., 281 Ala. 35, 198 So.2d 619 (1967). Whether the statute is violated is normally a jury question.Id.
With the statute and constructive case law in mind, we turn to the proof necessary to make out a case of negligence per se. Although each of our past cases involving statutory negligence does not articulate all elements necessary for the cause of action, the amalgam of Alabama case law sets down certain requirements:
 (1) The trial judge must determine as a matter of law that the statute was enacted to protect a class of persons which includes the litigant seeking to assert the statute. Simpson v. Glenn, 264 Ala. 519, 88 So.2d 326 (1956). See Bentley v. Lawson, 280 Ala. 220, 191 So.2d 372 (1966); McCloud v. Williams, 257 Ala. 611, 60 So.2d 339 (1952).
 (2) The trial judge must find the injury was of a type contemplated by the statute. See Francis v. Imperial Sanitary Laundry Dry Cleaning Co., 241 Ala. 327, 332, 2 So.2d 388, 391 (1941) ("[Whether a criminal statutory violation can be the basis of negligence per se] depends upon the nature and purpose of the regulation and whether it was enacted for the benefit of [the injured] individually or as a member of a class.") See also W. Prosser, Handbook on the Law of torts § 36, at 195-97 (4th ed. 1971).
 (3) The party charged with negligent conduct must have violated the statute. See Horn v. Smith, 292 Ala. 503, 296 So.2d 719 (1974); Horton v. Mobile Cab Baggage Co., 281 Ala. 35, 198 So.2d 619
(1967); Mobile Cab Baggage Co. v. Armstrong, 259 Ala. 1, *Page 296 65 So.2d 192 (1953); Tindell v. Guy, 243 Ala. 535, 10 So.2d 862 (1942).
 (4) The jury must find the statutory violation proximately caused the injury. Cox v. Miller, 361 So.2d 1044 (Ala. 1978); Vines v. Plantation Motor Lodge, 336 So.2d 1338 (Ala. 1976); Allman v. Beam, 272 Ala. 110, 130 So.2d 194 (1961).[1]
Conceding the statute sets down the appropriate standard by which to measure appellee Bartholf's conduct, and further conceding the existence of evidence from which the jury could impute violation of § 32-5-91, there was no evidence the statutory violation proximately caused appellant's injury. SeeCoburn v. American Liberty Insurance Co., 341 So.2d 717 (Ala. 1977). Without question, the car in which appellant rode first hit the trailer from the rear and then crossed the centerline into appellee Bartholf's lane. The automobile then struck Bartholf's truck, which was partially off the road in an effort to avoid the collision. We believe that if any improper conduct can be attributed to Bartholf, a jury could not properly find the conduct proximately resulted in appellant's injury. As was said by Judge Samford in the case of Reaves v. Hoffman,28 Ala. App. 188, 190, 180 So. 600, 601 (1938), the accident occurred "without any contributing cause on the part of defendant, other than the fact that his [vehicle] happened to be at the place [plaintiff] was."
Since there was neither a question of material fact to be resolved by the jury nor a scintilla of evidence that Bartholf's conduct proximately caused appellant's injuries, appellees were entitled to judgment as a matter of law. The trial judge properly granted appellees' motion for summary judgment under Alabama Rule of Civil Procedure 56 (c).
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.
[1] See Comment, The Doctrine of Statutory Negligence in Alabama, 27 Ala.L.Rev. 155 (1975) for exposition of Alabama law and the doctrine of negligence per se.