JONES, Justice.
The plaintiff, William H. Smith, Jr., as administrator of the estate of Debra Thacker Smith, appeals from a summary judgment in favor of the defendants, Sherman Smith Trucking Company, Sherman Smith, and Douglas Smith, on Smith’s wrongful death claim.
The record tends to show the following: On November 7, 1986, Douglas Smith, while employed by Sherman Smith Trucking Company, was traveling south on Alabama Highway 77 in a tractor-trailer truck. Ms. Debra Smith was approaching from the opposite direction, traveling north. She apparently lost control of her vehicle and swerved sideways into the southbound lane, where her vehicle collided with the truck. She was killed. The accident occurred just south of the Southside bridge in Southside, Alabama. It is without dispute that it was raining at the time of the accident and that immediately south of the bridge the highway runs slightly downhill and has a slight curve. A dispute does exist, however, with respect to the rate of *348 speed at which Douglas Smith was traveling.
The defendants’ motion for summary judgment was supported by the following: 1) an affidavit of Douglas Smith, stating that the accident was unavoidable; 2) the deposition of Douglas Smith, stating that he was driving between 30 and 35 miles per hour at the time of the accident; and 3) the deposition of Sherman Smith (brother of Douglas Smith), who was driving a companion truck approximately 200 to 300 feet behind Douglas, stating that he and his brother were driving 35 miles per hour at the time of the accident.
In opposition to the defendants’ motion for summary judgment, the plaintiff offered an affidavit from Johnny Huie, Southside chief of police, stating that the speed limit at that point on that highway was 40 miles per hour, and an affidavit from William K. Blankenship as an “expert witness.” Blankenship’s affidavit reads, in pertinent part, as follows:
“My name is William Keith Blankenship. I am thirty-two years of age_
“I am a diesel mechanic. I have been a diesel mechanic for at least fourteen years. My first job working for the public was for Saunders Leasing Corporation in Montgomery, Alabama. I worked there as a diesel mechanic. I received a Certification for Saunders Leasing Corporation as a diesel mechanic. I attended Cummins Diesel School in Montgomery, Alabama. I received a Certification from Cummins Diesel School in Montgomery. I am presently employed as a Shop Foreman at Hubbard’s Garage in Talladega, Alabama. There are ten mechanics in this shop. About one-half of these mechanics work on diesel engines and about one-half of these mechanics work on gasoline engines. I am over all of the diesel work. I have had this job at Hubbard’s Garage for at least ten years. During this period of time and during the time that I was employed at Saunders Leasing Corporation, I worked on all sizes of Cummins diesel engines. A Cummins diesel is an extremely popular engine in the trucking industry. I don’t know what percentage of trucks utilizes Cummins diesel engines, but I would say at least 50%. About one-half of the trucks that we work on are equipped with a Cummins diesel engine.
“I am very familiar with a 350 Cum-mins engine. I am familiar with a 13-speed Fuller Road Ranger Transmission. I am familiar with a 4.11 truck rear end. I would say that a 4.11 rear end is a standard rear end with a 13-speed Fuller Road Ranger Transmission. I am familiar with radial 10:00 X 22 truck tires. I am also familiar with a 1973 White Freightliner truck 8300 Model.
“I do not know William H. Smith, Jr. I am totally unfamiliar with Sherman Smith Trucking Company and with Mr. Douglas Smith. I have been shown a deposition given by Mr. Douglas Smith on November 2, 1989. I have read and studied his deposition. It appears that Mr. Douglas Smith on the occasion of an accident on November 7, 1986 in South-side, Etowah County, Alabama, was operating a 1973 White Freightliner 8300 Model. It further appears that Mr. Douglas Smith was operating this White Freightliner equipped with a 350 Cum-mins engine with a Fuller Road Ranger Transmission 13 speed transmission, a 4.11 Rear End with 10:00 x 22 tires with an RPM of approximately 1900 and in eleventh gear. This was a tractor-trailer rig equipped with 18 wheels, with a gross weight of 80,000 pounds, and heavily loaded at the time of the accident. It is my opinion, assuming these facts to be true, that Mr. Douglas Smith was operating his truck 47.97 miles per hour at least. I am familiar with State of Alabama Highway Number 77 where this accident occurred. I have driven over and along this highway immediately South of [the] Coosa River at this point many times.”
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. This action was commenced after *349 June 11, 1987; therefore, the applicable standard of review is the “substantial evidence rule.” Ala.Code 1975, § 12-21-12. See Rowden v. Tomlinson, 538 So.2d 15, 18 (Ala.1989) (Jones, J., concurring specially). We further note that all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party (here, the defendants). Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The plaintiff contends that there exists a genuine issue of material fact as to whether Douglas Smith was negligent and through negligence proximately caused the death of Debra Smith. The plaintiff predicates this contention on Blankenship’s affidavit, set out above. We cannot agree with that contention.
Assuming, arguendo, that Smith was operating his tractor-trailer truck in excess of the statutory speed limit, that fact in and of itself would not amount to actionable negligence. Several other requirements are involved — most particularly the requirement that the statutory violation be the proximate cause of the accident. Fox v. Bartholf, 374 So.2d 294 (Ala.1979). In the instant case it is without dispute that the decedent lost control of her vehicle and then swerved into defendant Smith’s lane, where the accident occurred. “As was said by Judge Samford in the case of Reaves v. Hoffman, 28 Ala.App. 188, 190, 180 So. 600, 601 (1938), [it appears that] the accident occurred ‘without any contributing cause on the part of the defendant, other than the fact that his [vehicle] happened to be at the place [plaintiff] was.’ ” Fox v. Bartholf, supra, at 296.
Because we are unable to discern any evidence from which the trier of fact could find any causal connection between the alleged statutory violation and the accident, and because the plaintiff’s only argument in opposition to the motion for summary judgment is based on that alleged violation, we conclude that the trial court correctly entered the summary judgment for the defendants.
AFFIRMED.
SHORES, HOUSTON and KENNEDY, JJ., concur.
HORNSBY, C.J., concurs in the result.