PITTMAN, Judge.
This is an appeal from the trial court’s order granting the defendant’s motion for summary judgment.
This case was transferred to this court from the supreme court pursuant to § 12-2-7, AIa.Code 1975.
On May 12, 1999, Joseph and Angela Anderson filed a complaint alleging conversion and negligence on the part of Smith’s Towing Company, Inc., and others (hereinafter “Smith’s”) in selling a 1956 Ford Thunderbird to a third party. Subsequently, on December 17, 2001, Smith’s filed a motion for summary judgment. On February 19, 2002, Joseph and Angela Anderson filed a response to the motion for summary judgment. The trial court entered an order on March 11, 2002, granting summary judgment for Smith’s. In its order granting summary judgment, the trial court found that no genuine issues of material fact existed and Smith’s was entitled to a final judgment as a matter of law. (C. 101.)
On appeal, Joseph and Angela Anderson contend that the trial court erred in granting Smith’s motion for summary judgment. Specifically, the Andersons argue that an action for conversion and negligence is proper in this case because, they say, they had a possessory interest in the Thunderbird where it had been in their possession for five years. Joseph and Angela Anderson further contend that they had a cause of action against Smith’s for negligence per se as a part of a class of persons protected under the Alabama Abandoned Motor Vehicles Act found in §§ 32-13-01 et seq., Ala.Code 1975.
Rule 56 of the Alabama Rules of Civil Procedure sets out a two-tiered standard for entering summary judgments. The trial court must determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to judgment as a matter of law. Hinkle v. Burgreen Contracting Co., 678 So.2d 797, 799 (Ala.Civ.App.1996). Furthermore, to defeat a properly supported motion for summary judgment, the non-movant must present “substantial evidence” of his claim. § 12-21-12, Ala.Code 1975. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether substantial evidence exists to defeat a summary-judgment motion, a court must view the evidence in a light most favorable to the nonmoving party. Goodwin v. City of Fultondale, 706 So.2d 766 (Ala.Civ.App.1997).
At the outset, we note the following well-settled law regarding conversion:
“ ‘To establish conversion, a plaintiff must show a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another’s property, or a wrongful detention or interference with another’s property. The plaintiff must establish that the defendant converted specific personal property to the defendant’s own use and beneficial enjoyment. The plaintiff asserting conversion could also show that the defendant destroyed *1124 or exercised dominion over property to which, at the time of the' destruction or exercise of dominion, the 'plaintiff had a general or specific title and of which the plaintiff was in actual possession or to which the plaintiff was entitled to immediate possession.’ ”
Ellis v. Alcuri, 710 So.2d 1266, 1267 (Ala.Civ.App.1997), citing Huntsville Golf Dev., Inc. v. Ratcliff, Inc., 646 So.2d 1334, 1336 (Ala.1994) (citations omitted)(emphasis added).
The Andersons contend that an action for conversion was proper where they had a possessory interest in the Thunderbird. While the facts contained in the record on appeal are minimal, the facts do indicate that the Thunderbird was originally driven by Angela Anderson’s mother before her death. (C. 51.) After the mother’s death, the Thunderbird was willed to Angela Anderson; however, as executor of his wife’s estate, Angela’s father kept the title to the Thunderbird in his name. (C. 48-49.) The Andersons brought the car from Ohio to Alabama to be refurbished. (C. 48.) The car was eventually left with Smith’s. (C. 52-53.)
Although the facts indicate that Joseph and Angela Anderson were entitled to immediate possession of the Thunderbird, and had previously had actual possession of the vehicle, they did not have a general or specific title to the Thunderbird. Indeed, Joseph and Angela Anderson had a possessory interest in the Thunderbird; however, this possessory interest alone is insufficient to maintain an action for conversion. Ellis, supra. The Ohio title to the Thunderbird, attached as an exhibit to Smith’s motion for summary judgment, indicates Elias Fonda had legal title to the vehicle. Accordingly, Joseph and Angela Anderson did not have legal title to the vehicle, and, therefore, the trial court did not err in granting summary judgment with regard to Joseph and Angela Anderson’s claim of conversion.
Likewise, the trial court did not err in granting summary judgment in favor of Smith’s on Joseph and Angela Anderson’s claim of negligence per se under the Alabama Abandoned Motor Vehicles Act. The four .elements of negligence per se are (1) that the statute was enacted to protect a class of persons that includes the litigant seeking to assert the statute; (2) that the injury was of the type contemplated by the statute; (3) that the party charged with negligent conduct violated the statute; and (4) that the statutory violation proximately caused the injury. Sparks v. Alabama Power Co., 679 So.2d 678, 685 n. 2 (Ala.1996); Fox v. Bartholf 374 So.2d 294 (Ala.1979). Joseph and Angela Anderson argue that the circuit court erred in finding that they were not among the class of persons protected under § 32-13-1 et seq., Ala.Code 1975.
Section 32-13-1(1), Ala.Code 1975, defines an abandoned motor vehicle, in pertinent part, as “[a vehicle] which has been left by the owner, or some person acting for the owner, with an automobile dealer, repairman, or wrecker service for repair ... and has not been called on by the owner ...” within a specified period of time under the statute. While this court has recognized that the sale of an individual’s vehicle under the Alabama Abandoned Motor Vehicles Act directly affects a secured party or lienholder’s property interests, see Global Federal Credit Union v. Walker, 679 So.2d 1075, 1078 (Ala.Civ.App.1996), we have npt previously held that a future titleholder’s interest or an .heir’s interest is directly affected under the Alabama Abandoned Motor Vehicles Act.
After a careful review of the statute, we conclude that Joseph and Angela Anderson were not among the class of persons protected by the Alabama Abandoned Motor *1125 Vehicles Act, where they did not have legal title to the vehicle, and where they were acting on behalf of their own interests when they took action to repair the Thunderbird. Therefore, the class of persons protected under the Alabama Abandoned Motor Vehicles Act does not include a future titleholder’s interest or the interest of an heir. Indeed, this court’s prior holdings with regard to the Alabama Abandoned Motor Vehicle Act have limited the protected class of persons to those with secured interests. Global Federal Credit Union, supra. Based on the foregoing, the trial court did not err in granting Smith’s motion for summary judgment as to the negligence claim.
Accordingly, the judgment of the trial court granting summary judgment is affirmed.
AFFIRMED.
CRAWLEY and THOMPSON, JJ., concur.
YATES, P.J., concurs in the result.