104 So.2d 905

Bessie McGEHEE

v.

Burl FROST et al.

O. F. McGEHEE

v.

Burl FROST et al.

6 Div. 126, 127.

Supreme Court of Alabama.

Aug. 28, 1958.

Huie, Fernambucq & Stewart, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellees.

GOODWYN, Justice.

These are personal injury actions, and also for property damage in 6 Div. 127 (tried together and appealed on same record), growing out of the collision between two motor vehicles on a public highway in Jefferson County, Alabama. Appellants, O. F. McGehee and Bessie McGehee, are husband and wife. Loss of the wife's services is also claimed as damages by the husband. At the time of the accident they were passengers in an automobile owned by Mr. McGehee and being driven by Mrs. McGehee's brother. The other vehicle involved was a 1½ ton truck being driven by Burl Frost, defendant below and appellee here. The original complaints also included as defendants John Zeanah, the Hightower Box and Tank Company, a corporation, and others. By amendment all defendants except Frost and Zeanah were stricken. Zeanah's requested affirmative charge was given in both cases, leaving Frost as the only defendant. A jury verdict was rendered in favor of said defendant in each case. The plaintiffs' motions for new trials being overruled, they brought these appeals.

■ There are 16 assignments of error in 6 Div. 126 and 18 in 6 Div. 127. The only assignments argued in appellants' briefs are 1 through 10. These 10 assignments in both cases relate to the action of the trial court in overruling plaintiffs' motions for new trials on grounds that the verdicts of the jury were contrary to the great weight of the evidence. The remaining assignments in both cases charge error in the giving of written charges requested by the defendants. These assignments are not argued and insisted upon and must, therefore, be considered as waived. Lewis v. Haynes, 266 Ala. 564, 566, 98 So.2d 52; Epperson v. Stacey, 266 Ala. 396, 398, 96 So.2d 750; Rule 9(10) of Revised Rules of the Supreme Court, 261 Ala. XIX, XXII, Code 1940, Tit. 7, Appendix, Cum. Pocket Part. Revised Rule 9 specifically provides that "assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court."

The automobile in which plaintiffs were riding came to a stop just to the right of the center line of the highway preparatory to turning to the left to go to a "swimming hole" located about 200 yards from the left side of the highway. There was no public highway intersection at this point. Defendant's truck, proceeding in the same direction, ran into the right rear of said car. There is sharp conflict as to when the driver of the car gave a hand signal and a blinker light signal that he was stopping or preparing to turn left.

■■ It would serve no useful purpose to attempt an analysis of the evidence. Clearly, there were conflicting tendencies in it. It was the jury's prerogative to believe, or not believe, the witnesses. We have given careful consideration to all the evidence and are persuaded that the question as to whether defendant's negligence

proximately contributed to plaintiffs' alleged injuries and damages presented an issue of fact for the jury's determination. While there was evidence from which the jury might have concluded the issues in favor of plaintiffs, there was also evidence supporting the jury's findings in favor of the defendant. "When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial; * * *. But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. * * * [T]he decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." Cobb v. Malone & Collins, 92 Ala. 630, 635, 9 So. 738, 740.

What was said in Smith v. Smith, 254 Ala. 404, 408, 48 So.2d 546, 548, is equally applicable here, viz.:

"The appellant urges with great earnestness that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the great weight of the evidence. Where there is evidence which if believed justifies the verdict, a motion for a new trial is properly overruled. Johnson v. Louisville & Nashville R. R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796."

We cannot say that the trial court erred in overruling the motions for new trials.

Affirmed.

LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.