When keys are left in an unlocked vehicle in violation of a city ordinance, the vehicle stolen, and is involved in an accident, should summary judgments be entered for defendant owner in negligence actions brought by injured plaintiffs?
Summary judgments were properly granted, therefore we affirm.
A truck owned by Tommy Wesson (appellee, d/b/a Plantation Motor Lodge) was parked in an alley behind his motor lodge and left unlocked with the keys in the ignition; the truck was stolen and a short time later, operated by the thief, collided with the motorcycle that Bobby Dean Vines and her husband, Gary Vines, were riding. Bobby Dean was injured and Gary killed. *Page 1339 
Actions were filed, on account of the injuries and death, alleging that Wesson was negligent in violating a Birmingham city ordinance:
 "No person having charge or control of a vehicle shall allow such vehicle to stand on any street or alley unattended without first effectively setting the brakes thereon, stopping the motor of such vehicle, locking the ignition, removing the ignition key and taking such key with him; and when standing upon any grade without turning the front wheels of such vehicle to the curb or side of the street." Birmingham General Code, § 34-92 (1964).
Wesson's motions for summary judgments were granted, judgments entered accordingly; Bobby Dean Vines and the administratrix of Gary's estate take this appeal.
The issue is whether negligence per se, by the ordinance's violation, is the proximate cause of injuries and death resulting from the thief's operation of the stolen vehicle. Appellants say it is; Wesson and the trial judge say it is not.
The facts in this case show that appellee, Wesson, parked his truck behind his motel-bar in a dark alley with the keys in it and the truck not locked. Shortly thereafter, a nineteen-year-old stole the truck and while driving it, apparently under the influence of drugs, he caused it to collide with the Vines' motorcycle. The location from which the truck was stolen is an area containing many stores and bars; auto theft is a high incident crime of which an alarming number occur when keys are left in the vehicle; a substantial proportion of stolen vehicles are involved in accidents, frequently after high-speed chases through cities, and often result in damage to property and person of innocent victims.
Whether a vehicle owner who fails to remove keys from the ignition switch of his parked vehicle can be held liable for personal injury or property damage, resulting from the negligent operation of the vehicle by a thief, is a question which the courts answer in different ways. In Alabama, the issue of the owner's liability is complicated by the existence of a statute and, in this case an ordinance, which expressly proscribes the failure to remove the ignition key from a parked vehicle. Tit. 36, § 27, Code of Ala. The majority of jurisdictions do not hold the owner liable. The question is one of first impression in Alabama, as far as we can determine. We view the matter, as do a majority of jurisdictions, to be decided under traditional concepts of proximate cause.
Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury. If, between the alleged negligent act or omission and the injury, there occurs an independent, intervening, unforeseeable event, the causal connection between the alleged negligence and the injury is broken. Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388 (1961); Mahone v. Birmingham Electric Co.,261 Ala. 132, 73 So.2d 378 (1954).
The key here is foreseeability. This court has held many times that a person, who by some act or omission sets in motion a series of events, is not responsible for consequences of intervention of another agency, unless at the time of his original act or omission, the act of the intervening agency could reasonably be foreseen. If so, the causal chain is not broken. If the injury results from an independent intervening, efficient cause, not reasonably foreseeable, the original negligent act or omission is not the proximate cause of injury.Liberty National Life Insurance Co. v. Weldon, 267 Ala. 171,100 So.2d 696 (1958); Watt v. Combs, 244 Ala. 31, 12 So.2d 189
(1943); Hammett v. Birmingham Railway, Light Power Co.,202 Ala. 520, 81 So. 22 (1919). *Page 1340 
It is generally accepted that violation of statutes or ordinances may be negligence. However, to recover, a causal connection must be established between the violation and injury. In this case, the consequences of the theft were too remote to be reasonably foreseeable by the defendant when he left the truck unattended with the keys in the ignition. We conclude that the negligent or wanton act of the thief resulting in the injury and in the death, could not be reasonably foreseen by the defendant; it is sufficient to break the chain of causation. The majority of our sister states are in accord. Surratt v. Petrol, Inc. (Ind.App.), 312 N.E.2d 487, rehearing denied (Ind.App.), 316 N.E.2d 453 (1974) (summary judgment in favor of defendant upheld); Stone v. Bethea,251 S.C. 157, 161 S.E.2d 171 (1968); Berluchaux v. Employers Mutualof Wausau (La.App.), 194 So.2d 463, writ refused, 250 La. 533,197 So.2d 79 (1967); Call v. Huffman (La.App.), 163 So.2d 397, writ refused, 246 La. 376, 164 So.2d 361 (1964); Ross v. Nutt,177 Ohio St. 113, 203 N.E. 118 (1964); Permenter v. MilnerChevrolet Co., 229 Miss. 385, 91 So.2d 243 (1956); Anderson v.Theisen, 231 Minn. 369, 43 N.W.2d 272 (1950); Castay v. Katz Besthoff (La.App.), 148 So. 76 (1933).
Plaintiffs contend that this court has held a criminal act not to be a sufficient intervening agency to break the chain of causation and cites Liberty National Life Insurance Co. v.Weldon, supra, in support. This case is distinguishable on the facts. Also the rule adopted in Weldon is inapplicable for other reasons given in that opinion.
In this case, we hold the negligent driving of the thief was the proximate cause of the injuries; defendant's negligence, if any, was too remote to be a proximate cause of those injuries. Therefore, violation of the ordinance, under the facts in this case, cannot be considered a proximate cause of the accident as a matter of law.
The judgments are
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.