This is an appeal by Bianca and Richard Cox, husband and wife, from a jury verdict in favor of Barbara Miller. We affirm.
The action arose out of an automobile accident which occurred on October 3, 1975 in Huntsville at a point on Governors Drive near its intersection with Bassett Drive. This point is opposite the Cox home on Governors Drive. At approximately 6:00 p.m. on that Friday afternoon Mrs. Cox was proceeding east on the Drive which, though slightly inclined, presents an unobscured view. She was in the left-hand lane of traffic. When she reached a position opposite her driveway she stopped in that lane to allow oncoming traffic to pass before she turned in, but before she could do so her automobile was struck from behind by an automobile being driven by the defendant, Mrs. Miller.
In a single complaint the Coxes sued Mrs. Miller. Mrs. Cox claimed for personal injuries, lost wages, and damage to the automobile; Mr. Cox claimed for the medical expenses incurred by his wife's hospitalization and treatment, and for loss of consortium. The trial resulted in a verdict for the defendant, following which the trial court denied the plaintiffs' motions for judgment N.O.V. and for a new trial.
On appeal the plaintiffs maintain that the verdict was against the great weight of the evidence and therefore it should have been set aside. They deny that a jury question was presented on contributory negligence on the part of the plaintiff, Mrs. Cox. Because that issue is paramount we will address it initially.
The plaintiffs' position is that when Mrs. Cox stopped her automobile preparing to turn left across the street she violated no duty which proximately contributed to the accident. They rely upon a portion of a statement contained in our case of Gribble v. Cox, 349 So.2d 1141 (Ala. 1977) which was quoted from 8 Am.Jur.2d § 768, p. 328:
 Generally speaking, however, a motorist ahead owes no duty to a motorist to the rear except to use the road in the usual way, in keeping with the laws of the road, and until he has been aware of it, by signal or otherwise, he has a right to assume either that there is no other motorist in the close proximity to the rear or *Page 1046 
that, being there, the motorist to the rear has his vehicle under such control as not to interfere with the free use of the road in front of and to the side of him in any lawful manner.
This quotation, it must be observed, places emphasis upon "use of the road in the usual way, in keeping with the laws of the road" and "the free use of the road . . . in any lawful manner" on the part of the "motorist ahead." That is to say, whether any duty is owed by the "motorist ahead" to the "motorist behind" depends upon the former's proper conduct ahead. InGribble this principle was applied to a factual situation in which the "motorist ahead" was stopped at an intersection in obedience to a traffic signal when struck from behind, and that decision was based upon the premise that such conduct was usual and in keeping with the laws of the road. See Code of Ala.
1975, § 32-5-32. Neither the decision nor the statement quoted established any further exemption from possible liability for the motorist preceding another when the circumstances were different. Indeed, the quotation referred to is immediately preceded by language to that effect:
 Moreover, even if a motorist complies with all the requirements of a statute or ordinance regulating the operation of motor vehicles, he may yet be liable for the failure to exercise ordinary care to avoid injury to another traveler in front of or behind him on the highway. . . .
Accordingly, Gribble v. Cox, supra cannot apply to the facts of this case.
Those facts reveal an unfortunate set of circumstances. The co-plaintiff, Bianca Cox, testified that the accident occurred on a clear, dry Friday afternoon around six o'clock p.m. while it was still daylight. She did not have her car's headlights on and did not see any other cars with headlights on. She was in the left-hand lane, turned on her blinker signal for a left turn as she passed Bassett Drive, i.e., about two hundred feet from the driveway of her home, and stopped her car on Governors Drive just opposite her driveway. According to her testimony, her car's taillights and brake lights, three on each (rear) side, were operative. Although she did not remember how long she had been stopped, she did remember that oncoming cars passed her as she waited in the street, but before she could proceed left her car was struck from behind. She did not hear any horn or other indications of an approaching crash, did not see Mrs. Miller's automobile before the collision, and up until the impact she had not been aware of anyone following her. The force of the collision propelled her upward and backward, rendering her unconscious.
The testimony of the defendant, Mrs. Miller, varied in some details from that of Mrs. Cox. According to Mrs. Miller the lighting conditions were different. It was dusk, she said, just before getting dark, and the traffic was heavy in both directions. She could see as far as several car lengths without her headlights on. Something distracted her just before the accident occurred, she testified, and when she first saw the Cox automobile it was directly in front of her, more than a car length in front of her, and "[i]t was hard for me to tell . . ." whether it was moving or not. She saw some small taillights on the Cox car. She did not see a blinker signal, testifying that "[T]here was none." In that connection, the following exchange then occurred:
 Q Let me rephrase it. Would you tell us what you would have done had there been a blinker signal?
 A I would have immediately put my brakes on. It would have given me a signal to put my brakes on.
 Q But you were about a car length away when you saw the brake lights?
A I was more than a car length away.
Q How much farther away, please, ma'am?
A I'm sorry, I can't remember.
 Q But you know it was more than a car length? I don't want to go over it and over it, but I would like to have your best judgment.
 A I think it was more than a car length, because a car length is only twenty feet and that's pretty close, and I don't drive that closely, no matter where I am *Page 1047 
driving, but I'm absolutely positive there was no blinking light on. If there had been, I would have had some warning.
And later she amplified the conditions:
 Q Can you give us any judgment, Mrs. Miller, about why you didn't see Mrs. Cox's car until the point you did?
. . . . .
 A Well, first of all the light conditions were very bad, it was dusk. Traffic was very heavy and because she didn't have a blinking signal on.
 Q Those are the reasons you did not see her car before you did? You are telling us it was only the taillights that you saw and you couldn't see the car without taillights? Is that your statement of how dark it was, please, ma'am?
 A I believe I could see the car, but it was very dusky.
 Q What action did you take after you saw her car, please, ma'am?
A I put my brakes on.
 Q And do you know how far away you were from her car at this time?
A I wasn't very far away.
Q Can you say how much?
 A No, sir. I've tried to tell you that and I can't. It was close, I didn't have any warning.
It is the plaintiff's contention that these facts clearly disclose that this collision would not have occurred but for the negligence of Mrs. Miller in one of two ways: (1) either that Mrs. Cox did stop suddenly and that Mrs. Miller was following too closely at a speed which, in the exercise of reasonable care, did not allow her to stop without colliding, or (2) that Mrs. Cox's vehicle had been stopped for an interval of time and Mrs. Miller's failure to maintain a proper lookout resulted in the collision.
Under version (1) we are cited to Tit. 36, § 15 (a), AlabamaCode (Recomp. 1958) now Code of Ala. 1975, § 32-5-56 the violation of which has been held negligence as a matter of law:
 The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.
The plaintiffs argue that an application of this rule to these facts makes out a case of negligence on the part of Mrs. Miller.
Under version (2) the plaintiffs cite us to Pike Taxi Co. v.Patterson, 258 Ala. 508, 63 So.2d 599 (1953) for the proposition that the operator of a motor vehicle must keep a reasonably careful lookout so that he may be able to avoid collisions with other vehicles.
We do not dispute the argument of plaintiffs' able counsel upon the applicability of Tit. 36, § 15 (a) to the defendant's conduct but we must observe that our rules of the road apply to the automobiles "in front" as well as to those who "follow." For example, Tit. 36, § 17, Alabama Code, supra (now Code ofAla. 1975, § 32-5-58) contains admonitions to the operator who stops or turns a motor vehicle:
. . . . .
 (b) No person shall . . . turn a vehicle to enter a private . . . driveway or otherwise turn a vehicle from a direct course . . . unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.
 (c) A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning.
 (d) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.
 (e) Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp. . . . *Page 1048 
A violation of this statute is also negligence; however such a breach is not actionable unless it was a proximate cause of an accident. Winfrey v. Witherspoon's, Inc., 260 Ala. 371,71 So.2d 37 (1954). That issue is one for the jury. Alabama PowerCo. v. Sellers, 283 Ala. 137, 214 So.2d 833 (1968).
Nor do we take issue with the rule of Pike requiring an operator to maintain a reasonably careful lookout. What is a reasonably careful lookout, however, was also described in Pike
258 Ala. at page 511, 63 So.2d at page 602:
 The standard of care set up by the authorities is the care of a reasonably prudent man situated in like circumstances. . . .
The Court continued by quoting from Cooper v. Agee, 222 Ala. 334,132 So. 173 (1931):
 The motorist must exercise due care to anticipate the presence of others upon the highway and not to injure him after he is aware of his presence. . . . He is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which, . . . he could have discovered in time to avoid the injury in the exercise of reasonable care.
Due care is relative always and much depends upon the facts of the particular case. Tyler v. Drennan, 255 Ala. 377,51 So.2d 516 (1951).
Based upon the evidence in this case the jury was faced with questions dealing with the signal of Mrs. Cox to turn (the existence of which Mrs. Miller denied), the adequacy of Mrs. Cox's taillights under these circumstances as a signal to a following vehicle (the appropriateness of which Mrs. Miller disputed), and the reasonableness of the distance the Cox automobile was followed by that of Mrs. Miller (disputed by both). Under Mrs. Cox's version, the accident occurred under clear conditions after she had given a signal to turn left and had been stopped for an interval of time. Under Mrs. Miller's version, the traffic and lighting conditions made it "hard for her to tell" whether Mrs. Cox's car was moving or not, and according to her, the absence of a blinking (turn signal) gave her no warning of its dangerous proximity. Under this state of the evidence favoring both sides the proximate cause of the collision, whether the failure of Mrs. Cox to adequately warn under the circumstances, or the failure of Mrs. Miller to follow at a safe distance or to maintain a proper lookout, was for the jury. Their verdict should not be set aside merely because it may not correspond with our opinion of the weight of the testimony or because it is against the mere preponderance of the evidence. McGehee v. Frost, 268 Ala. 23, 104 So.2d 905
(1958).
Accordingly, the judgment of the trial court must be affirmed, and it is so ordered.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.