SHORES, Justice.
This is an appeal from a judgment entered on a jury verdict in favor of the defendant and against the plaintiffs in a personal injury action. On appeal, the plaintiffs contend that the trial court committed reversible error in its oral charge to the jury, and such error was properly preserved. We are constrained to agree and reverse and remand.
The facts out of which the case arose can be summarized as follows: The plaintiff was driving his car on Pulaski Pike and across Stringfield Road, through a green light facing the flow of traffic in his direction. Frank Phillips was driving east on *683 Stringfield Road in a truck belonging to Ashburn and Gray. As Mr. Phillips approached the intersection, the traffic light facing the flow of traffic on Stringfield Road changed to red. Mr. Phillips tried to stop the truck but, as he applied the brakes, the brakes failed. Apparently, a hydraulic hose leading from the truck air chamber gave way. When the hose blew out, the truck lost its brakes, its emergency brakes, and its horn. Having no way to stop the truck or to sound the horn, the truck went through the red light and struck Mr. Child-ers’ car. After the accident, Mr. Childers went home, cleaned up, and then went to work. He testified that, thereafter, his neck became stiff and tight, his head started to hurt, and he found glass imbedded in his head. A few days later, his back began to hurt. Eventually, his physicians informed him that he had either osteoarthritis or Marie-Strumpell arthritis, which had been asymptomatic before the accident, but was not aggravated because of the accident.
At the close of the evidence, the trial court orally charged the jury as follows, in pertinent part:
I am going to read to you this rule of the road, the violation of which is negligence as a matter of law. [Section 32-5-212, Code 1975.] The fact that I read this statute to you is no indication that the statute has been violated. It is no indication from me that the statute has been violated, or that the violation of the statute was the proximate cause of the injuries or damages complained of by the plaintiff in this case. It is for you to decide whether or not this statute has been violated and whether or not the violation of the statute, if any, proximately caused the injuries complained of by the plaintiff in this case. The section reads as follows: [The trial judge then read the provisions of the statute]. Now, the violation of that, as I told you, is negligence as a matter of law; however, in order for it to be actionable it must be the sole and proximate cause of the injuries complained of by the plaintiffs in this case.
The court then proceeded to the conclusion of the oral charge. At the end of the charge, the plaintiffs noted their objection to the court’s charge in the following manner:
MR. HORNSBY: [W]e take exception to the charge of the court. . ..

And the Court stated to the jury that the violation of the Code section regarding the requirement for brakes or a dual system of the brakes is negligence as a matter of law, which was correct, but the Court went on to say that the violation of the statute must be the sole and proximate cause of the injuries complained of. We contend that it is error to say that it must be the sole and proximate cause. The charge should have been that it should be the proximate cause.
The law, of course, does not require that the plaintiffs prove that a violation of a rule of the road be the sole cause of injury, and the defendant concedes that. It simply argues that a reading of the entire charge compels the conclusion that the use of “sole cause” by the court, while error, is harmless error. We cannot agree that the error was harmless. There is no question that it was error. In a recent case, Fox v. Bartholf, 374 So.2d 294 (Ala.1979), in an opinion written by Chief Justice Torbert, this Court held:
“The jury must find the statutory violation proximately caused the injury. Cox v. Miller, 361 So.2d 1044 (Ala.1978); Vines v. Plantation Motor Lodge, 336 So.2d 1338 (Ala.1976); Allman v. Beam, 272 Ala. 110, 130 So.2d 194 (1961).”
Because the trial court’s charge could have misled the jury, and exception being duly taken to it, the judgment appealed from is due to be and the same is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.