This is an appeal from a summary judgment in favor of defendant Ronald Allsup. The plaintiffs, Kathleen F. Penland, Thomas R. Penland, and Kathy Veronica Duckett, argue that the trial judge erred in granting the motion because, they contend, under the theory of negligent entrustment Allsup was liable for their injuries resulting from the automobile accident.
The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment of the vehicle; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) negligent or wanton use of the entrusted vehicle which proximately caused the plaintiff's damages; and (5) damages.
As to any element of plaintiff's cause of action that defendant has, prima facie, shown not to be present, the plaintiff, in order to defeat the motion, must offer at least a scintilla of evidence so as to raise a fact question as to that element.
We note that this case comes under the "scintilla rule," because it was filed prior to the action of the Alabama Legislature abolishing *Page 716 
that rule. See Ala. Acts 1987, No. 87-184.
The following facts are pertinent to this case and, pursuant to Chiniche v. Smith, 374 So.2d 872, 873 (Ala. 1979), must be considered in the light most favorable to plaintiffs, the non-moving parties.
The record reveals that Allsup and Mullinax began drinking on June 8, 1985, in the early afternoon and that both consumed approximately four beers. Then, Mullinax had two additional drinks while Allsup washed his automobile. Over the course of the afternoon, the two men decided to drive from Jacksonville, Alabama, to Birmingham, to drop off a parachute at a friend's home and to "go out on the town." They left for Birmingham at approximately 7:00 p.m. in Allsup's 1985 Chevrolet Corvette automobile. Allsup was driving. During the trip, Mullinax had another drink.
When the two men arrived in Birmingham, they went to their friend's home to deliver the parachute. Their depositions indicate that they agreed that Allsup would take the parachute inside and Mullinax would remain in the car until he returned. They had purchased another bottle of liquor for a party the next day, and that bottle was unopened in the back seat when Allsup went inside his friend's home. Allsup stated that when he went inside, he left the keys in the car so that Mullinax could listen to the radio. When he came outside between, 15 and 20 minutes later, he discovered that Mullinax had left with his car. Mullinax was involved in an accident with the plaintiffs several hours later and was charged with DUI and first degree assault. He claims to have no recollection of the evening's events after their arrival in Birmingham.
The trial judge granted summary judgment, stating that there was not a scintilla of evidence indicating an entrustment. The plaintiffs concede that no actual entrustment occurred, but they argue that Allsup is still liable due to "the past consent of Allsup in allowing Mullinax to drive his vehicle or [due to] the conduct of Allsup in leaving the vehicle available on the occasion in question for [Mullinax] to use." We disagree.
There is no evidence that Allsup ever intended for Mullinax to use his car on the evening in question. In fact, he was to deliver the parachute to his friend and to return to the car to "go out on the town" with Mullinax. The plaintiff's argument for an entrustment due to past conduct is an argument for a continuing entrustment.
 Sometimes the past conduct of the entrustor who allowed an incompetent to use his vehicle at will on previous occasions is sufficient to raise an implied consent on the particular occasion of the accident.
 If the entrustor had manifested continuing consent or permission for the incompetent to drive the vehicle there is a continuing entrustment. 23 A.L.R. 733 at 738 (1971).
Chiniche, supra, at 877 (Torbert, C.J., concurring specially). In the case at bar, the only evidence of Mullinax's past use of Allsup's vehicle is the fact that Mullinax had used Allsup's Corvette on three prior occasions. Each time he used the vehicle, however, he had had Allsup's express permission, and each time it was for a specific purpose. There is no evidence presented that Mullinax used Allsup's car "at will," nor is there evidence that Mullinax was drunk (or otherwise incompetent) on any of the previous occasions when he was allowed the use of Allsup's vehicle.
Finally, with regard to the plaintiffs' argument that Allsup left the keys available for Mullinax to use and should be liable for injury resulting from that negligence, we again must disagree. The plaintiffs cite Vines v. Plantation Motor Lodge,336 So.2d 1338 (Ala. 1976) (where a vehicle owner, whose automobile was stolen and later involved in an accident, was held not to be actionably negligent in leaving the keys in his car in violation of an ordinance). The court in that case granted summary judgment, holding that the consequences of theft were too remote to be foreseeable. Vines, supra, at 1340. We find the same foreseeability problem here, because it would not have been foreseeable to Allsup *Page 717 
that Mullinax, who had agreed to wait for him while he delivered the parachute, and who had made plans for the evening with Allsup, would simply take his car without his consent. SeeVines, supra.
This case is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON and STEAGALL, JJ., concur.