ADAMS, Justice.
These are consolidated appeals from a judgment entered on a jury verdict in a case involving a three-vehicle accident. The plaintiffs, Mavis Brown and her husband Coy Brown, sued the driver of a tractor-trailer rig, Randall Honea, and his employer, Gold Kist, Inc., for negligence and wantonness. They also sued the driver of a third vehicle, Douglas Lang, for negligence. Judgment was entered for Mavis Brown but against her husband, and against defendant, Lang. Judgment was also entered in favor of the remaining two defendants, Honea and Gold Kist, Inc. The Browns and Lang appeal from the judgment. We affirm in part, reverse in part, and remand.
On April 17, 1982, Mavis Brown was driving her pick-up truck across a bridge in Blount County. It was raining and the road was wet. As she attempted to cross the bridge, she saw the Gold Kist tractor-trailer rig approaching and driving over the yellow line. She pulled off to the right side of the road immediately before reaching the bridge. As she pulled over, she was struck from the rear by another pick-up truck, driven by Lang. Lang had been driving behind Mrs. Brown’s truck and he also saw the Gold Kist tractor-trailer rig crossing the center line. When he saw Mrs. Brown’s brake lights, he attempted to brake, but his pick-up slid into the rear of Mrs. Brown’s pick-up and the tractor-trailer sideswiped his truck. Upon impact with Lang’s truck, Honea lost control and his rig traveled over an embankment into a muddy field. Mrs. Brown was seriously injured in the accident. She sued, joined by her husband, who sued for loss of consortium.
At trial, one of the Browns’ theories of recovery was that Gold Kist had negligently supplied Honea with an unsafe vehicle, and that its negligence in doing so had proximately caused Mrs. Brown’s injuries. They based this assertion on the fact that Honea had completed an inspection report prior to driving the tractor-trailer, stating *665 that the windshield wipers were “slow starting”; that the tires were “near ready to cap”; and that the air system, which controlled the brakes, had a “slow air leak.”
The plaintiffs requested a jury charge on their claim that Gold Kist had negligently supplied Honea with an unsafe vehicle, but the trial court refused to give that specific charge. Instead, the court gave the following charge:
Now, this is a lawsuit in which Mavis Brown filed a lawsuit against two — well, actually three defendants. Two are together, Gold Kist and Mr. Honea are together; that is, you can’t find Gold Kist liable without also finding Mr. Ho-nea liable and vice versa. You can’t find in favor of Mr. Honea and against Gold Kist or against Gold Kist in favor of Mr. Honea or against Gold Kist in favor of Mr. Honea, [sic] vice versa. They rise and fall together. And Mr. Lang. So actually there are really two defendants. Three named defendants, but actually there are two classes, two vehicles. Gold Kist and Mr. Honea are actually one defendant, and Mr. Lang is the other.
The Browns objected to this oral jury charge. They claimed that there was sufficient evidence of Gold Kist’s negligence in supplying Honea with a unsafe vehicle to require that their claim to go to the jury and that the jury charge had the effect of denying them the opportunity to recover against Gold Kist, Inc., under that theory. The court overruled the Browns’ objections on those charges.
Lang requested that the court give specific jury charges regarding Gold Kist’s alleged violation of certain safe-vehicle statutes, the violation of which, he says, was negligence as a matter of law. Lang requested a charge on Ala.Code 1975, § 32-5-215(b) and (c), which require that every vehicle have, in good working order, windshield wipers that are sufficient to clear moisture from the windshield and that can be operated from the inside of the vehicle. Lang also requested a jury charge with respect to Ala.Code 1975, § 32-5-212, which requires that every vehicle operated on the highway be equipped with brakes “adequate to control the movement of and to stop and to hold such vehicle.” The statute also requires that there be two separate means of operating the brakes and that they be maintained in good working order. The judge refused to give the requested charges and, instead, he gave the following charge:
Now, there are certain rules of the road; that is, the Legislature has passed certain rules or regulations for the operation of vehicles upon the public highways and roads of this state. [I]f a party operating a vehicle violates the rules of the road and that violation is the direct result of the accident, then that violation is negligence....
... [A] vehicle — and I won’t go into the details or the specifics, but vehicles operating upon public highways must do so with adequate brakes, windshield wipers and tires....
Now, violation of any of those rules which this jury determines to be the direct or proximate result of the injury would be negligence.
Lang made no objections to the jury charges at any time before the jury retired to consider its verdict. Lang’s first objections to the charges given and to those refused were contained in his motion for a new trial. On appeal, Lang claims that the charges constituted reversible error because the jury was instructed that in order for the jury to find Gold Kist and Honea liable, it must find that “but for” the violations, the accident would not have happened. Lang claims that this is the equivalent of stating that the violations had to constitute the “sole” cause of the accident and that, he argues, was an improper statement of the law. See Childers v. Ashburn & Gray, Inc., 398 So.2d 682 (Ala.1981).
The Browns did object to the jury charges before the jury retired to consider its verdict.
The jury returned a verdict for the Browns and against Lang, with damages assessed at $200,000.00. The jury also returned a verdict in favor of Gold Kist, Inc., *666 and Honea. Judgment was entered on the jury verdicts on April 13, 1987.
The Browns and Lang appealed, and the two appeals have been consolidated. However, Lang’s counsel did not object to the jury charges before the jury retired to consider its verdict. Because an objection was necessary to preserve the issue for a post-judgment motion or an appeal, see Rule 51, A.R.Civ.P., we will not consider the issues as presented by Lang.[1] There are two primary issues raised by the Browns in their appeal. They are:
1) Did the trial court’s jury charge with respect to the liability of Gold Kist and Honea constitute reversible error because there was a scintilla of evidence that Gold Kist negligently supplied Honea with an unsafe vehicle to be operated on a public highway?
2) Was it reversible error for the trial judge to refuse to give Brown’s requested jury charge regarding liability pursuant to certain safe-vehicle statutes?
I.
The Browns assert that the trial court erred in charging the jury.[2] At trial, the Browns proceeded on a theory of recovery against Gold Kist based on its alleged negligence in allowing its employee on the highway in a defective vehicle, which defective vehicle, they alleged, proximately caused Mrs. Brown’s injuries. The trial court did not specifically include or exclude that theory of recovery in its jury charges; rather, the court instructed the jury that its verdict must be the same for Honea and for Gold Kist. In other words, if the jury found for Honea, then it must also find for Gold Kist and vice versa. The Browns objected to that charge because, they claimed, it deprived them of the opportunity to recover from Gold Kist for negligently allowing an unsafe vehicle on the road. They argued that the jury could have found Gold Kist liable for providing its employee with an unsafe vehicle, without also finding Honea liable; therefore, they say, the jury charge constituted reversible error. We agree.
For purposes of reviewing this charge, we will assume that the trial judge directed a verdict on the issue of whether Gold Kist was liable for negligence by providing its employee with an unsafe vehicle. Therefore, we will consider the evidence in a light most favorable to the Browns.
To support their position, the Browns cited Wood Lumber Co. v. Bruce, 275 Ala. 577, 157 So.2d 3 (1963). In Wood, one of the plaintiff’s claims was against a corporate defendant for negligently allowing its employee to operate an unsafe vehicle on the highway. However, the jury instructions were specifically limited to whether the truck driver had operated the vehicle in an unreasonable manner. This Court held that a new trial should have been granted because the plaintiff’s complaint alleging negligence was sufficient to incorporate the claim for negligently providing its employee with an unsafe vehicle to be operated on the highway; therefore, that claim should have gone to the jury.
The Browns argue that the inspection report constituted the required scintilla of evidence needed to allow their theory of recovery for negligently allowing an unsafe vehicle on the road to be submitted to the jury. The report stated that the wipers were “slow starting,” that there was a “slow air leak,” and that the tires were “near ready to cap.” In addition, both Mrs. Brown and Lang had testified that the rig was traveling at approximately 50 miles per hour when it crossed the bridge; that it did not appear to slow down on the bridge; and that Honea lost control of the vehicle after the accident. This, the Browns claim, was inferential evidence that Honea was *667 incapable of stopping because his brakes were defective.
Finally, the Browns argue that Honea’s own testimony provided a scintilla of evidence that the vehicle was defective. Ho-nea had testified that he had had no problems with his vehicle on the day of the accident; however, at one point in his testimony, Honea said the following:
Q. And at the same time that you knew you were coming to a dangerous place, you knew your tires were slick. Right? You knew you had slick tires?
A. Yes, sir.
Q. And you knew it was raining?
A. Yes, sir.
[[Image here]]
Q. And you knew your windshield wipers weren’t working correctly? Right?
A. Yes, sir.
Honea refuted the implications arising from the report and from Mrs. Brown’s and Lang’s testimony. When questioned with regard to this report, Honea explained what he meant by his notations. He testified that his wipers started slowly, but that there were no problems once they got started. With regard to the tires, Honea stated that treads are usually recapped when they are approximately one-half to two-thirds worn, and that when he inspected the tires it was about time to recap them. Nevertheless, he testified that- he had had no problems with his tires on that day. Regarding the “slow air leak,” Honea testified that a slow leak in the air system was a common condition in that type of rig. Furthermore, he testified that there was a warning system that shut down the operation of the truck if the pressure was too low and that the warning buzzer did not activate itself on that day, and his system did not shut down.
In response to Mrs. Brown’s and Lang’s testimony that he never slowed down on the bridge and that he lost control of the rig after the accident, Honea testified that he had slowed down from approximately 55 to 80 miles per hour to approximately 30 miles per hour before he reached the bridge, but that when he saw Mrs. Brown move over to the side of the road, he did not attempt to slow down any more. In addition, he testified that when he and Lang collided, the steering section on his rig broke and he could not control the steering. Finally, he testified that upon impact he bounced up in his seat and that when he came back down he hit the accelerator instead of the brake, causing him to pick up speed before he went down an embankment.
In order to prove a prima facie case of negligence, the plaintiff must present a scintilla of evidence that the defendant breached a duty of care and that that breach was the proximate cause of the plaintiff’s injuries or damages. Honea’s explanations do refute the conclusion that the accident was caused by a defective vehicle. Nevertheless, we conclude that Brown presented a scintilla of evidence that Gold Kist and/or Honea breached the duty to place only safe vehicles on the road and furthermore, that Mrs. Brown had suffered damages as a result of that break. Additionally, we conclude that Mrs. Brown’s and Lang’s testimony with regard to the vehicle not slowing on the bridge; the inspection report; and Honea’s testimony constituted a scintilla of evidence that the condition of the tractor-trailer was the proximate cause of the accident that injured Mrs. Brown.
For the foregoing reasons, we hold that the jury charge stating that Gold Kist and Honea must “rise and fall together” was in error because the jury could have found Gold Kist liable for causing an unsafe vehicle to be placed on the road, without finding Honea liable.
II.
The second issue on appeal arises from some of the same facts as the first issue. The Browns claim that the trial court erred in its jury charges regarding the violations of the safe-vehicle statutes. Specifically, they assert that the trial court erred in not giving Lang’s requested jury charges on certain safe-vehicle statutes regarding brakes and windshield wipers. Sections 32-5-212 and 32-5-215(b) and (c). We disagree.
To be entitled to a charge regarding violation of these statutes, the Browns must have shown a scintilla of evidence that the *668 tractor-trailer rig was being operated in violation of the statutes. We are of the opinion that the report and Honea’s testimony, considered in a light most favorable to the Browns,[3] constituted the requisite scintilla of evidence that there was a statutory violation. Therefore, a jury instruction was due to be given, but our analysis does not end here.
The Browns’ requested jury instructions included a full reading of the statutes regarding maintaining windshield wipers, brakes, and tires, in proper working order. See Ala.Code 1975, § 32-5-215(b) and (c), and § 32-5-212. The trial judge did not read these statutes verbatim, but he did instruct the jury that the defendants were required by law to maintain adequate brakes, tires, and windshield wipers. The trial judge further instructed the jury that if a party failed to maintain these items and the condition of the vehicle was the proximate cause of damages or injury, then that was negligence.
Proper maintenance of brakes, tires, and windshield wipers are within the common knowledge of an average juror. The trial judge could have read each maintenance statute in its entirety, but its substance would not have contributed anything of significance to the jury instruction that was given. We conclude, therefore, that although the trial judge did not give the requested instructions, the charge was adequate.
For the foregoing reasons, that portion of the judgment against Lang is due to be, and it hereby is, affirmed in part and reversed in part, and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.
TORBERT, C.J., and MADDOX and STEAGALL, JJ., dissent.

. Although it is somewhat unusual, the Browns and Lang (opposing parties) raised substantially the same issues on appeal with regard to the jury charges. This occurred because the charges had the effect of directing a verdict in favor of Lang’s co-defendants, Gold Kist and Honea. Therefore, both Lang and the Browns had an interest in Gold Kist’s and Honea's liability-

. We have already concluded that the Browns properly preserved this issue for appeal by objecting to the jury charges before the jury retired to consider its verdict.

. See Cannon v. Louisville & N.R.R., 252 Ala. 571, 42 So.2d 340 (1949).