BRYAN, Judge.
 

 Elfreda Miller, the plaintiff below, appeals from a summary judgment entered in favor of Wesley Cleckler, one of the defendants below, in Mrs. Miller’s action alleging negligence and wantonness. We affirm in part, reverse in part, and remand.
 

 This case involves a four-automobile accident that occurred on Interstate 65 (“I-65”) in Shelby County. On Friday afternoon, August 4, 2006, Mrs. Miller was driving an automobile south on 1-65. Mrs. Miller was traveling in the left lane behind her husband, Richard Miller, who was driving a separate automobile. Cleckler was also traveling south on 1-65, driving his pickup truck. Cleckler testified that he was driving at a speed of 60 or 65 miles per hour and that traffic was “pretty heavy” at the time. Both Cleckler and Mrs. Miller testified that the speed limit was 70 miles per hour. Mrs. Miller testified that there was a “steady flow of traffic” with vehicles “moving freely.” The record on appeal contains testimony from observers that Cleckler was “darting” through traffic “at a high rate of speed” “trying to pass everyone.”
 

 At some point, Cleckler merged his pickup truck from the right lane into the left lane in front of Mr. Miller’s vehicle. Cleckler testified that, when he moved into the left lane ahead of Mr. Miller, he moved into a gap of about three or four automobile lengths. Cleckler further testified that, shortly after moving into the left lane, the vehicles in front of him began to brake, causing him to apply his brakes “px-etty good.” Mr. Miller testified that Cleckler moved “directly in front of’ his vehicle and that Cleckler “slammed on his brakes” because he was too close to the vehicle in front of him. As a result of decider’s braking, Mr. Miller and the oth
 
 *382
 
 er drivers traveling behind Cleckler began to brake as well.
 

 At that time, Charles Williams was driving a vehicle behind Mrs. Miller, who was behind Mr. Miller. Williams testified that he was traveling at a speed of approximately 70 miles per hour approximately one automobile length behind Mrs. Miller. Mrs. Miller testified that, when she applied her brakes in response to Mr. Miller’s braking in front of her, Williams’s vehicle struck her vehicle from behind, causing her vehicle to collide with the back of Mr. Miller’s vehicle. Mr. Miller’s vehicle in turn collided with the back of Cleck-ler’s pickup truck. ' Mrs. Miller testified that her vehicle was not in danger of colliding with Mr. Miller’s vehicle before Williams struck her from behind. However, Williams testified that he thought that Mrs. Miller’s vehicle had collided with Mr. Miller’s vehicle before his own vehicle collided with Mrs. Miller’s vehicle, but he was not completely sure about that. The accident occurred at approximately 3:15 p.m. on a sunny day.
 

 Mrs. Miller sued Cleckler, Williams, and fictitiously named parties, alleging negligence and wantonness and seeking to recover damages for injuries allegedly sustained in the automobile accident. Cleckler answered and denied liability. Cleckler’s answer asserted, among other things, that Mrs. Miller’s injuries were proximately caused by the negligence or wantonness of another. Cleckler then moved for a summary judgment, asserting that his actions did not proximately cause the accident. Cleckler’s summary-judgment motion also asserted that, although Alabama law prohibits a driver from following another driver too closely, Alabama law does not require a driver to look behind him before stopping for traffic. Cleckler’s motion implicitly argued that Williams’s conduct proximately caused the accident. The trial court entered a judgment granting Cleckler’s summary-judgment motion, and the trial court certified that judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P. Mrs. Miller appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
 

 “In reviewing the disposition of a motion for summary judgment, ‘we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’
 
 Bussey v. John Deere Co.,
 
 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’
 
 Wright v. Wright,
 
 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue.
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 Wright,
 
 654 So.2d at 543 (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.
 
 Wilma Corp. v. Fleming Foods of Alabama, Inc.,
 
 613 So.2d 359 (Ala.1993);
 
 Hanners v. Balfour Guthrie, Inc.,
 
 564 So.2d 412, 413 (Ala.1990).”
 

 Hobson v. American Cast Iron Pipe Co.,
 
 690 So.2d 341, 344 (Ala.1997).
 

 
 *383
 
 On appeal, Mrs. Miller first argues that the trial court erred in entering a summary judgment in decider’s favor on the negligence claim because, she says, the record contains substantial evidence indicating that decider’s conduct proximately caused the accident. Conversely, decider argues that the evidence establishes that Williams’s conduct was the sole proximate cause of the accident. That is, decider maintains that Williams’s conduct served as an intervening cause between decider's alleged negligence and the accident.
 

 “In order to establish a negligence claim, a plaintiff must prove: ‘(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury.’ ”
 
 S.B. v. Saint James Sch.,
 
 959 So.2d 72, 97 (Ala.2006) (quoting
 
 Martin v. Arnold,
 
 643 So.2d 564, 567 (Ala.1994)). “A summary judgment is rarely appropriate in a negligence action.”
 
 Nelson v. Meadows,
 
 684 So.2d 145, 148 (Ala.Civ.App.1996). Typically, the question of proximate causation is a question of fact to be resolved by the jury; that question must be decided by the jury if reasonable inferences from the evidence support the plaintiff's claim.
 
 Dixon v. Board of Water & Sewer Comm’rs of Mobile,
 
 865 So.2d 1161, 1166 (Ala.2003);
 
 City of Mobile v. Largay,
 
 346 So.2d 393, 395 (Ala.1977).
 
 See also Tuscaloosa County v. Barnett,
 
 562 So.2d 166, 169 (Ala.1990) (stating that questions of proximate causation and intervening cause are questions for the jury).
 

 “Loosely defined, an ‘intervening cause’ is one which occurs after an act committed by a tortfeasor and which relieves him of his liability by breaking the chain of causation between his act and the resulting injury.
 
 Vines v. Plantation Motor Lodge,
 
 336 So.2d 1338 (Ala.1976). This Court has stated:
 

 “ ‘However negligent a person may have been in some particular, he is liable only to those who may have been injured by reason of such negligence, as the proximate cause. Where some independent agency has intervened and been the immediate cause of the injury, the party guilty of negligence in the first instance is not responsible.’
 
 Mobile City Lines, Inc. v. Proctor,
 
 272 Ala. 217, 130 So.2d 388 (1961).
 

 “An intervening cause may be an ‘act of God,’ such as an extraordinary event of nature,
 
 Bradford v. Stanley,
 
 355 So.2d 328 (Ala.1978), or the actions of another, usually, though not necessarily, another tortfeasor; however, a cause is not an intervening cause, so as to relieve a tortfeasor of his liability, unless it comes into active operation
 
 after
 
 the tortfeasor has acted. [W Keeton, D. Dobbs, R. Keeton, D. Owen,]
 
 Prosser & Keeton on Torts,
 
 [§ 44, p.] 301 [ (5th ed. 1984) ]. In other words, it must occur between the act of the tortfeasor and the injury sustained for the chain of causation between the act and the injury to be broken.
 
 Vines, supra; Aplin v. Dean,
 
 231 Ala. 320, 164 So. 737 (1935).
 

 “Not every cause which comes into operation after a tortfeasor has acted will relieve him of liability for his wrongful act. More than the proper temporal relationship between the tortfeasor’s act and the subsequent cause is required. In order to be an intervening cause, a subsequent cause also must have been unforeseeable and must have been sufficient in and of itself to have been the sole ‘cause in fact’ of the injury.
 
 Vines, supra,
 
 at 1339. If an intervening cause could have reasonably been foreseen at the time the tortfeasor acted, it does not break the chain of causation between his act and the injury.
 
 Vines, supra; Morgan [v. City of Tuscaloosa,
 
 268 Ala. 493, 108 So.2d 342 (1959)];
 
 Louisville &
 
 
 *384
 

 N.R. Co. v. Courson,
 
 234 Ala. 273, 174 So. 474 (1937). Conversely, if the intervening cause was unforeseeable, the causal chain is broken.
 
 Vines, supra.
 
 In the same respect, if the intervening cause is not sufficient to be considered the sole ‘cause in fact’ of the injury, if it is not in and of itself sufficient to stand as the ‘efficient cause’ of the injury, the causal chain is not broken; but, if the intervening cause was alone sufficient to produce the injury complained of, it is deemed the proximate cause of the injury and the tortfeasor or tortfeasors between whose acts and the injury the cause intervened are relieved of liability.
 
 Watt v. Combs,
 
 244 Ala. 31, 12 So.2d 189 (1943);
 
 Goodwyn v. Gibson,
 
 235 Ala. 19, 177 So. 140 (1937).”
 

 General Motors Corp. v. Edwards,
 
 482 So.2d 1176, 1194-95 (Ala.1985), overruled on other grounds,
 
 Schwartz v. Volvo North America Corp.,
 
 554 So.2d 927 (Ala.1989). Therefore, in summary, in order for conduct to be an intervening cause insulating the defendant from liability, the conduct must (1) occur after the defendant’s actions giving rise to the negligence claim, (2) be unforeseeable to the defendant at the time the defendant acts, and (3) be sufficient to be the sole proximate cause of the plaintiffs injury.
 
 Id.
 

 Cleckler contends that Williams, by following one automobile length behind Mrs. Miller while traveling 70 miles per hour, served as the intervening cause of the accident and the alleged resulting injuries.
 
 [1]
 
 Cleckler cites Mrs. Miller’s testimony stating that, when she braked in response to Cleckler’s and Mr. Miller’s braking in front of her, her vehicle was in no danger of colliding with the back of Mr. Miller’s vehicle until Williams’s vehicle struck her vehicle. However, Williams testified that he thought Mrs. Miller’s vehicle collided with the back of Mr. Miller’s vehicle first, before the collision between Williams’s vehicle and Mrs. Miller’s vehicle, but he was not completely sure about that. Therefore, there appears to be a factual issue regarding the initial collision in this case. If Mrs. Miller’s vehicle in fact collided with the back of Mr. Miller’s vehicle
 
 before
 
 Williams’s vehicle collided with the back of Mrs. Miller’s vehicle, Williams’s tailgating could not be an
 
 intervening
 
 cause sufficient to break the chain of causation between Cleckler’s conduct and the accident. In such a situation, whether Cleckler’s conduct caused the accident would be a factual question to be resolved by the trier of fact.
 

 Even assuming that there is no genuine issue of material fact regarding the initial collision and that Williams’s vehicle struck Mrs. Miller’s vehicle first, Cleckler has not established that Williams’s conduct was an intervening cause. In order for Williams’s conduct to be an intervening cause, it must have occurred after Cleckler’s alleged negligence, it must have been unforeseeable to Cleckler, and it must have been sufficient to be the sole proximate cause of the accident.
 
 General Motors,
 
 supra. First, Williams’s conduct, tailgating, occurred concurrently with Cleckler’s conduct. Second, there is a genuine issue of material fact regarding whether Williams’s conduct should have been foreseeable to Cleckler.
 
 *385
 
 Cleekler testified that traffic at the time of the accident was heavy. Given that testimony, there is a factual issue regarding whether Cleekler should have foreseen that a driver would be tailgating among the cars behind him, creating a potentially dangerous situation if Cleekler should have to brake suddenly, when Cleekler merged into a space three or four automobile-lengths long directly ahead of Mr. Miller.
 

 In addition to asserting in the summary-judgment motion that he did not cause the accident, Cleekler also asserted that there is no caselaw or statute stating that a driver “has a duty to look behind him before he stops for traffic.” Insofar as Cleekler may have moved for a summary judgment on the additional ground that he did not owe a duty to Mrs. Miller, we make the following comments. Cleck-ler, as the driver ahead, had a duty to the drivers behind him “ ‘to use the road in the usual way, in keeping with the laws of the road.’ ”
 
 Cox v. Miller,
 
 361 So.2d 1044, 1045 (Ala.1978) (quoting
 
 Gribble v. Cox,
 
 349 So.2d 1141, 1144 (Ala.1977)). In general, a driver has the duty to exercise due care and to keep a lookout for others using the road.
 
 Holley v. Josey,
 
 263 Ala. 349, 354, 82 So.2d 328, 332 (1955). “ ‘[E]ven if a motorist complies with all the requirements of a statute or ordinance regulating the operation of motor vehicles, he may yet be liable for the failure to exercise ordinary care to avoid injury to another traveler in front of or behind him on the highway.’ ”
 
 Cox,
 
 361 So.2d at 1046 (quoting
 
 Gribble,
 
 349 So.2d at 1144). The trial court could not have properly entered a summary judgment in favor of Cleekler based on the general ground that he did not owe a duty to Mrs. Miller.
 

 Mrs. Miller also argues that the trial court erred in entering a summary judgment in favor of Cleekler on her wantonness claim. In
 
 Ex parte Essary,
 
 992 So.2d 5, 9 (Ala.2007), our supreme court stated:
 

 “ ‘Wantonness’ has been defined by this Court as the conscious doing of some act or the omission of some duty while knowing of the existing conditions
 
 and
 
 being conscious that, from doing or omitting to do an act, injury will likely or probably result.
 
 Bozeman v. Central Bank of the South,
 
 646 So.2d 601 (Ala.1994). To constitute wantonness, it is not necessary that the actor know that a person is within the zone made dangerous by his conduct; it is enough that he knows that a strong possibility exists that others may rightfully come within that zone.
 
 Joseph v. Staggs,
 
 519 So.2d 952, 954 (Ala.1988). Also, it is not essential that the actor should have entertained a specific design or intent to injure the plaintiff, only that the actor is ‘conscious’ that injury will likely or probably result from his actions.
 
 Id.
 
 ‘Conscious’ has been defined as ‘ “perceiving, apprehending, or noticing with a degree of controlled thought or observation: capable of or marked by thought, will, design, or perception” ’; ‘ “having an awareness of one’s own existence, sensations, and thoughts, and of one’s environment; capable of complex response to environment; deliberate.” ’
 
 Berry v. Fife,
 
 590 So.2d 884, 885 (Ala.1991) (quoting
 
 Webster’s New Collegiate Dictionary
 
 239 (1981) and
 
 The American Heritage Dictionary of the English Language
 
 283 (1969), respectively).”
 

 The record contains testimony that, before the accident occurred, Cleekler was moving his pickup truck from lane to lane in heavy traffic, apparently trying to pass other drivers. Mr. Miller testified that Cleekler was driving “at a high rate of speed.” However, Mr. Miller also testified that he was driving only approximately 65 miles per hour when Cleekler moved his pickup truck directly ahead of him immedi
 
 *386
 
 ately before the accident. The evidence in the record indicates that the speed limit was 70 miles per hour. Cleckler testified that, when he merged in front of Mr. Miller, he moved into a space three or four automobile-lengths long before having to brake for the traffic ahead of him. Although Cleckler’s conduct conceivably could amount to negligence, there is not substantial evidence supporting the wantonness claim against him. The record does not contain substantial evidence indicating that Cleckler acted with the requisite consciousness that injury was
 
 likely to or would pivbably result
 
 from his conduct.
 
 Ex parte Essary.
 
 Accordingly, the trial court did not err in entering a summary judgment on Mrs. Miller’s wantonness claim against Cleckler.
 

 In conclusion, we affirm the summary judgment with respect to Mrs. Miller’s wantonness claim. We reverse the summary judgment with respect to Mrs. Miller’s negligence claim, and we remand the case to the trial court.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . Section 32-5A-89(a), Ala.Code 1975, provides:
 

 "(a) The driver of a motor vehicle shall not follow another more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. Except when overtaking and passing another vehicle, the driver of a vehicle shall leave a distance of at least 20 feet for each 10 miles per hour of speed between the vehicle that he is driving and the vehicle that he is following.”